Charles C. MERRILL, Appellant,

v.

Margaret F. MERRILL, Appellee.

No. 77.

Supreme Court of Alaska.

Feb. 6, 1962.

35. Gomillion v. Lightfoot, 364 U.S. 339, 81 S.Ct. 125, 5 L.Ed.2d 110 (1960).

Arthur D. Talbot, Anchorage, for appellant.

Neil S. Mackay, Anchorage, for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

AREND, Justice.

This is a divorce action in which the trial court granted the plaintiff wife a divorce from the defendant, Charles C. Merrill, and awarded her the sum of $35,000, apparently in lieu of any right or interest in certain property of the parties. The defendant, as the appellant here, contends that the award was excessive and unjust and states that this presents the only issue on which he seeks review.

About two months after it tried the case, the court made and filed its findings of fact. These were to the effect that the parties married in 1952; that no issue had been born of the marriage; that certain property rights of the parties needed to be adjudicat-

ed; and that it became impossible for the parties to continue to live together as husband and wife because of an incompatibility of temperament between them.[1] On the basis of those findings, the court then made its conclusions of law that the plaintiff should "execute a quitclaim deed to the property owned by the parties"; and that the defendant husband should execute a deed of trust to the property of the parties, in the amount of $35,000, to a designated trustee, with the husband as trustor and the wife as beneficiary. The husband was also required to execute a promissory note for $35,000, along with the deed of trust, the note to be repaid at the monthly rate of $175, without interest.[2] A decree was entered accordingly and this appeal followed.

In his brief on appeal the defendant states that he is unable to say precisely upon what basis the court arrived at the $35,000 figure, as the findings of fact are silent on the subject. We have the same complaint to make.

Section 56–5–13 A.C.L.A.1949 empowers the trial court to provide, *inter alia,* in the divorce decree

"For the division between the parties of their joint property, or the separate property of each, *in such manner as may be just*, and without regard as to which of the parties is the owner of such property * * *." (Emphasis supplied.)

Under the wording of this statute, the division of property between the parties in a divorce action rests in the discretion of the trial judge, and we should not disturb such division unless clearly unjust.[3] When called upon, as here, to review the justness of the division of property in a divorce action, we need to be informed by the trial court what it found to be the ultimate facts[4] upon which it based its conclusion

1. There is nothing in the findings to indicate that either party was to blame for the incompatibiity of temperament.

2. The conclusions of law do not indicate whether the deed of trust was to serve as security for the note, nor do they designate the payee of the note.

3. See Crouch v. Crouch, 63 Cal.App.2d 747, 147 P.2d 678, 682 (1944); Harris v. Harris, 169 Kan. 339, 219 P.2d 454 (1950); Kirsch v. Kirsch, 192 Wash. 156, 73 P.2d 356 (1937).

4. It has been held that the principal factors to be considered by the trial court

that the property should be divided as it has decreed.

To take care of just such a situation as we have before us here, Rule 52(a) of the Rules of Civil Procedure was promulgated to provide that "in all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon." [5] The rule is mandatory and must be reasonably complied with.[6]

As one well recognized authority points out, findings of fact under Rule 52(a) have a threefold purpose: "as an aid in the trial judge's process of adjudication; for the purposes of res judicata and estoppel by judgment; and as an aid to the appellate court on review." [7] To particularize, the requirement that the trial judge file findings of fact gives assurance that he has exercised care in ascertaining the facts, and has employed both skill and judgment in reducing his thoughts on contested matters to precise and pertinent findings while the evidence is still fresh in his mind.[8] Further, under Rule 52(a), it is the duty of the trial court by sufficiently detailed and explicit findings "to give the appellate court a clear understanding of the basis of the trial court's decision, and to enable it to determine the ground on which the trial court reached its decision." [9]

From our study of the briefs and record we do not reach the ready conclusion of the trial court that the $35,000 award to the appellee was justified under the facts. It is quite possible that adequate findings would remove our doubts in this respect. As the case stands now we would have to assume the role of the trial court, weigh the evidence, draw reasonable inferences, make findings and determine the result. That is not our function or obligation. Therefore, the judgment in favor of the plaintiff with respect to the $35,000 awarded to her is vacated and the cause remanded to the superior court for the purpose of making appropriate findings of fact in the light of this opinion.[10] If this cannot be done, then the superior court shall, in lieu of making further findings of fact, grant a new trial.

So ordered.

---

in determining the question of alimony or division of property as between the parties are the respective ages of the parties; their earning ability; the duration and conduct of each during the marriage; their station in life; the circumstances and necessities of each; their health and physical condition; their financial circumstances, including the time and manner of acquisition of the property in question, its value at the time and its income producing capacity if any. Ruff v. Ruff, 78 N.D. 775, 52 N.W.2d 107, 111 (1952); Kressly v. Kressly, 77 S.D. 143, 87 N.W.2d 601, 603–604 (1958); 2 Nelson, Divorce and Annulment, § 14.135 (2d ed. 1945).

5. An identical provision in Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. has been operative in the federal district courts since 1938. The federal rules were extended to the Territory of Alaska in 1946 and remained with us until they were superseded by our own Rules of Civil Procedure in 1959 under statehood.

6. Maher v. Hendrickson, 188 F.2d 700 (7th Cir. 1951).

7. 5 Moore, Federal Practice para. 52.06 [1], at 2653 (2d ed. 1951).

8. United States v. Forness, 125 F.2d 928, 942–943 (2d Cir. 1942), cert. denied, 316 U.S. 694, 62 S.Ct. 1293, 86 L.Ed. 1764 (1942).

9. Irish v. United States, 225 F.2d 3, 8 (9th Cir. 1955); United States v. Horsfall, 270 F.2d 107 (10th Cir. 1959).

10. We do not mean to intimate that findings must be made on all of the matters enumerated in the fourth note to this opinion or that no others need be made. We hold only that the findings should be sufficient to indicate the factual basis for the ultimate conclusion. See Kelley v. Everglades Drainage Dist., 319 U.S. 415, 422, 63 S.Ct. 1141, 87 L.Ed. 1485, 1489 (1943).