Blanche McSMITH, Appellant,

v.

William McSMITH, Appellee.

No. 326.

Supreme Court of Alaska.

Dec. 19, 1963.

Jack F. Scavenius, Anchorage, and Blanche McSmith, pro se, for appellant.

M. Ashley Dickerson, Anchorage, for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

DIMOND, Justice.

In this divorce action brought by appellee, the court below appointed a master to examine the assets and financial affairs of the parties and to report his findings to the court. After the report was filed the divorce action was heard. The court entered judgment granting appellant a divorce on her counterclaim, adopting the master's report, and specifically dividing the parties' assets between them. The issues raised on this appeal relate only to the property division, and not to the divorce.

In adopting the master's findings, the court included as an asset of the parties a residence located at 318 Cordova Street in Anchorage. Appellant contends that the court was in error because this property did not belong to the parties but was owned by appellant's mother.

The master found that the Cordova Street property was purchased on a contract in the name of appellant's mother in 1953. He found that there were no records showing who made the down payment on the purchase price, but that there were records showing that funds of appellant and appellee had been used to make installment payments of principal, interest, taxes and insurance. The master also noted that appellant had alleged that she had acquired the property by inheritance from her mother, that appellee had alleged that the property was owned by appellant and himself, and that among the records submitted to the master was a work paper prepared by appellant which showed the purchase

price of the property as being a liability of appellant and appellee. The master concluded that this property should be included in the schedule of assets acquired by the parties during their marriage.

Under Civil Rule 52(a) the findings of a master, to the extent adopted by the trial court, are to be considered as the findings of the court. This same rule also provides that the findings of the court shall not be set aside unless clearly erroneous. Here the court adopted the master's findings as to the Cordova Street property, and therefore we may not set aside those findings in the absence of clear error.[1]

Appellant's only attempt to controvert the master's findings was by her own testimony at the trial to the effect that she and appellee had been renting the Cordova Street property which was owned by her mother. Appellant made no effort to show that the master was in error in finding from the records of the parties that the purchase price of the property had been treated as an indebtedness of appellant and appellee. She has not demonstrated that a mistake was made when it was found that the property was an asset acquired by the parties during their marriage.

The next point argued in appellant's brief concerns the court's division of property between the parties. After allowing set-offs for the property each party brought into the marriage, the judge endeavored to divide equally between appellant and appellee the property acquired by them during their marriage. Appellant contends that the acquisition of property during marriage was almost entirely due to her efforts, and that appellee's contribution to the economic status of the marital union was at best mini-

mal. As a result, she maintains that an equal division of the property was an abuse of discretion.

The trial judge was authorized to provide "for the division between the parties of their joint property or the separate property of each, in the manner as may be just, and without regard as to which of the parties is the owner of the property * * *."[2] This statutory authority vests in the trial judge a broad discretion, the exercise of which we shall not disturb in the absence of a showing by an aggrieved party that a property division is clearly unjust.[3] Such injustice has not been demonstrated here. The master reported that because of a lack of adequate accounting records, it was not possible to determine the separate economic contribution to the marriage made by each party. At the trial the testimony of the parties as to the relative contribution of each was conflicting. In these circumstances we may not say that the judge's decision to effect an equal division of the property between the parties was an abuse of discretion.

Appellant also claims that the court erred in specifically dividing the parties' assets rather than ordering a general sale and division of the proceeds, and that the court abused its discretion in not permitting appellant to re-open the case after the trial was over for the purpose of introducing evidence as to the value of a homestead that the court had awarded to appellee. We consider these points as having been abandoned and therefore shall not pass upon them, since they were not argued in appellant's brief in accordance with our Rule 11(a) (8).[4]

The judgment is affirmed.

1. Dyker Bldg. Co. v. United States, 86 U.S.App.D.C. 297, 182 F.2d 85, 87 (1950).

2. AS 09.55.210(6).

3. Crume v. Crume, Opinion No. 124, 378 P.2d 183, 186 (Alaska 1963); Rhodes v. Rhodes, 370 P.2d 902, 905 (Alaska 1962); Merrill v. Merrill, 368 P.2d 546, 547 (Alaska 1962).

4. City of Fairbanks v. Schaible, 375 P.2d 201, 211 (Alaska 1962); Pollastrine v. Severance, 375 P.2d 528, 531 (Alaska 1962); DeArmond v. Alaska State Development Corp., Opinion No. 116, 376 P.2d 717, 725 (Alaska 1962); Veal v. Newlin, Inc., 367 P.2d 155, 156 (Alaska 1961), which sets forth Supreme Ct. R. 11(a) (8) in note 2.