Charles C. MERRILL, Appellant,

v.

Margaret F. MERRILL, Appellee.

No. 329.

Supreme Court of Alaska.

Jan. 13, 1964.

Arthur D. Talbot, Anchorage, for appellant.

George T. Yates and William W. Renfrew, Anchorage, for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

DIMOND, Justice.

This is the second time this divorce action has been before us. On the first appeal we vacated the judgment and remanded the case because the trial judge's findings of fact did not reveal the factual basis for his decision to award appellee the sum of $35,-000 in lieu of any right or interest in certain property of the parties.[1] On remand a new trial was granted as to the money award. At the conclusion of the trial the court found that appellee was entitled to receive $28,000 as her fair share of the net assets acquired during marriage by the joint efforts of the parties. On this appeal, appellant's main points are that the trial judge's findings of fact and conclusions of law are insufficient for a clear understanding of the

1. Merrill v. Merrill, 368 P.2d 546 (Alaska 1962).

basis of his decision, and that the award to appellee was unjust and constituted an abuse of discretion.

■ The document formally entitled "Findings of Fact and Conclusions of Law" does not recite the subsidiary facts upon which the judge based his general finding that out of a total sum of $79,725.43 to be distributed, appellee was entitled to receive $28,000. But the scope of our review is not limited to the formal findings of fact; we may examine other parts of the record to obtain an understanding of the basis for the decision reached.[2]

A transcript of the judge's oral opinion shows that in arriving at the conclusion to award appellee $28,000, the judge gave consideration to the respective ages of the parties and their normal life expectancy, their earning capacity in the type of work for which they were qualified by training and experience, their physical condition, and the needs and circumstances of each. The oral opinion gives us an adequate understanding of the factual basis for the judge's decision to distribute the assets as he did.

■ We do not agree with appellant's contention that because the judge did not enunciate the principles of law which he deemed to control his decision, his conclusions of law were insufficient. A conclusion of law is a conclusion based upon application of a legal standard to a particular set of facts.[3] In a divorce action the judge is authorized to provide for a division between the parties of their joint and separate property "in the manner as may be just."[4] Here the judge concluded that the sum of $28,000 was appellee's "fair and equitable share" of the parties' net assets. This was a conclusion based upon application of the legal standard of what the judge determined was a just division of the property between

the parties. The judge was not required to enunciate further the principles of law which controlled his decision.

The award to appellee of $28,000 represented approximately 35 percent of the amount found to be the total value of the net assets of the parties available for distribution. Appellant argues that such an award was unjust because the judge, in determining the net assets to be divided ($79,725.43), failed to make an allowance in favor of appellant for that portion of the assets which represented a fair return on the capital he had invested in his business prior to the marriage.

■ In a divorce action the trial judge is authorized by statute to divide between the parties not only their joint property, but also the separate property of each, and without regard to which of the parties is the owner of the property.[5] This means that the judge is not required to draw any distinction between the assets acquired prior to marriage, and those acquired subsequently.[6] Therefore, injustice in the distribution of property is not demonstrated by arguing that credit was not given to appellant for the earning power of his pre-marital investment.

■ Nor do we consider the property division unjust under all of the circumstances of this case. The judge found that at the time the parties were married appellee had reached the prime of life, that she lived with appellant as his wife for nearly one-half of his life expectancy, that at the time she married him she gave all her worldly goods to appellant at his request, that she worked and cared for appellant as a dutiful wife until the parties were separated, and that there was no indication that appellee was a designing woman who married appellant for his money. In the face of these

2. Harding v. Harding, Opinion No. 120, 377 P.2d 378, 380 (Alaska 1962); Spenard Plumbing & Heating Co., Inc. v. Wright, 370 P.2d 519, 525–526 (Alaska 1962).

3. Lundgren v. Freeman, 307 F.2d 104, 115 (9th Cir. 1962).

4. AS 09.55.210(6).

5. AS 09.55.210(6).

6. Crume v. Crume, Opinion No. 124, 378 P.2d 183, 186 (Alaska 1963).

uncontroverted findings, we cannot say that the judge abused his discretion in concluding that it was fair and equitable to award appellee approximately 35 percent of the net assets of the parties.

 The points raised in appellant's remaining specifications of error do not call for reversal or modification of the trial judge's decision. Further discussion of these points is not warranted, since they have not been briefed in compliance with our Rule 11(a) (8).[7]

The judgment is affirmed.

7. McSmith v. McSmith, Opinion No. 176, 387 P.2d 454 (Alaska 1963); City of Fairbanks v. Schaible, 375 P.2d 201, 211 (Alaska 1962); Pollastrine v. Severance, 375 P.2d 528, 531 (Alaska 1962); De-Armond v. Alaska State Development Corp., Opinion No. 116, 376 P.2d 717, 725 (Alaska 1962); Veal v. Newlin, Inc., 367 P.2d 155, 156 (Alaska 1961), which sets forth Supreme Ct.R. 11(a) (8) in note 2.