**Robert GROFF, Appellant,**

v.

**Frances E. GROFF, Appellee.**

No. 630.

Supreme Court of Alaska.

Dec. 20, 1965.

---◇---

George F. Boney, Burr, Boncy & Pease, Anchorage, for appellant.

Charles E. Cole and Michael A. Stepovich, Fairbanks, for appellee.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

RABINOWITZ, Justice.

Appellant appeals from the entry of a decree of divorce dated May 28, 1965. The gist of appellant's dissatisfaction with the decree centers on the trial court's division of the parties' property and the award of alimony to appellee. We have concluded that the trial court did not err in its division of the property, but that the alimony provision of the decree should be modified.

The record discloses that the parties were married in February 1946, and at the time of the hearing below were both forty-two years old. Two children were born of this marriage. The older daughter of the parties is now married. The younger daughter is sixteen years old and has a diabetic condition.

In regard to the property of the parties, the evidence adduced disclosed the following. During their marriage the parties acquired a duplex, located in Fairbanks, having an appraised value of $42,500.00 against which there is an existing mortgage indebtedness of $27,000.00 payable at the rate of $263.00 monthly.[1] Appellee and the sixteen year old daughter of the parties reside in one of the apartments in the duplex. The other apartment is presently rented unfurnished for $210.00 a month with heat and water supplied.[2]

The value of the furnishings located in the portion of the duplex resided in by appellee and the minor daughter was estimated to be from $5,000.00 to $7,500.00.

During their marriage the parties also acquired ten shares of stock in the First National Bank of Fairbanks having a total market value of $2,800.00.[3] They also own a fifty per cent interest in Fairbanks Transfer and Storage, Inc., a holding company, which is purchasing the stock of Sig Wold Storage and Transfer, Inc. The purchase price of the Sig Wold stock is $241,000.00 payable at the rate of $1,000.00 per month plus interest at five per cent. Under its stock purchase agreement, Fairbanks Transfer and Storage, Inc. owes a balance of $184,000.00.[4] The present book value of the parties' interest in fifty per cent of the stock of Fairbanks Transfer and Storage, Inc. is $28,500.00.

As to the existing liabilities of the parties, the evidence shows that in addition to the $27,000.00 balance remaining to be paid on the duplex mortgage the parties owe $9,467.00.[5]

The record also disclosed the following in regard to the employment histories and earning capacities of the respective parties.

1. The $263.00 monthly payment includes interest, insurance and taxes.

2. The expenses of renting this apartment are approximately $79.00 per month. The evidence also shows that there is a finished basement which is suitable for rental purposes.

3. This stock normally pays a dividend of 3% to 3½% annually.

4. This balance of $184,000.00 is being paid from the earnings of Sig Wold Storage and Transfer, Inc.

5. This $9,467.00 figure comprised the following indebtedness: $4,300.00 balance on loan from Seattle First National Bank (payable at $322.00 per month) which was used to purchase parties' interest in Fairbanks Transfer and Storage, Inc. (This loan is secured by a pledge of the parties' ten shares of stock in the

Appellant has been employed by the First National Bank of Fairbanks since 1957 and presently holds the position of Vice-President. Appellant's gross income is $1,333.00 per month with a net income of $1,012.00 per month. Appellant also receives an annual bonus equal to one month's salary which gives him a total annual income of approximately $17,300.00.

During the twenty years of her married life, appellee has been principally occupied as a housewife. In the past appellee was employed for three months in 1963 earning $2.00 an hour clerking in a photography shop, and had also been employed part time at the Sig Wold Storage office. At the time of the hearing appellee was working three days a week as a sales clerk in a children's clothing store in Fairbanks earning $2.25 per hour.[6]

In its decree the trial court awarded appellee the duplex (the parties' equity being $15,500.00); the furnishings in the duplex (valued from $5,000.00 to $7,500.00); and one half of the parties' interest in the Fairbanks Transfer and Storage, Inc. stock (book value of this one half interest being $14,250.00 at the time of the hearing).

In addition to permitting appellee to receive the $210.00 monthly income from the rented portion of the duplex, the decree provided that appellant was to pay the $263.00 monthly installments on the mortgage balance against the duplex. The decree also provided that appellant was to pay to appellee $300.00 monthly for "her support and maintenance."

Under the terms of the decree appellant was awarded the ten shares of stock in the First National Bank of Fairbanks (having a market value of $2,800.00) and one half of the parties' interest in the Fairbanks Transfer and Storage, Inc. stock (the book value of the one half interest being $14,250.00). In addition to requiring the appellant to pay the $263.00 monthly installments on the duplex mortgage, the decree required appellant "to assume and pay * * * all obligations of the parties" incurred prior to the entry of the decree (which obligations totalled approximately $9,467.00 in addition to the $27,000.00 mortgage indebtedness).[7]

In Crume v. Crume[8] we stated in part:

* * * with respect to the judicial division of the property in this case, that is a matter left by statute to the broad discretion of the trial court and will not be disturbed on appeal unless an abuse of such discretion is shown. To establish an abuse of discretion the aggrieved party must show that the property division was clearly unjust.[9]

Also pertinent to the property division issue in this appeal are the factors to which

First National Bank of Fairbanks); $1,-700.00 balance on the down payment of the purchase of the parties' fifty per cent interest in Fairbanks Transfer and Storage, Inc.; and a total of $3,467.00 in miscellaneous family obligations.

At the time oral arguments were heard on the appeal, the total indebtedness of $9,467.00 had been reduced, although the precise amount of the reduction was not established.

6. At the time of her marriage, appellee was a beautician but has not worked as such since her marriage and is not licensed in Alaska.

7. The decree also awarded custody of the diabetic minor daughter of the parties to appellee and required appellant to pay the sum of $140.00 monthly for the child's "support, maintenance and education."

Appellant raises no issue in regard to this portion of the decree. Similarly, appellant doesn't question the award of the duplex, rent from the duplex and furnishings of the duplex to appellee. Appellant was also agreeable to the assumption of all the obligations of the parties including the $263.00 monthly installments on the duplex mortgage. The principal objections of the appellant go to that part of the decree which awards appellee one half of the parties' interest in the Fairbanks Transfer and Storage, Inc. stock and the allowance of $300.00 per month alimony.

8. 378 P.2d 183, 186 (Alaska 1963).

9. The "clearly unjust" standard was subsequently applied in McSmith v. McSmith,

we alluded in Merrill v. Merrill.[10] In that case we stated that the principal factors which should be considered by the trial court in resolving property division and alimony issues were:

> * * * the respective ages of the parties; their earning ability; the duration and conduct of each during the marriage; their station in life; the circumstances and necessities of each; their health and physical condition; their financial circumstances, including the time and manner of acquisition of the property in question, its value at the time and its income producing capacity if any.

■ Our review of the evidence and the trial court's findings of fact and conclusions of law convinces us that the trial court conscientiously considered the factors we referred to in the Merrill case and appropriately applied these factors in determining the division of the parties' property. We conclude that the trial court did not abuse its discretion and that its division of the property was not clearly unjust.

■ On the other hand a consideration of these same factors leads us to the conclusion that the award of alimony in the decree should be modified.[11] Under the decree's provisions appellant is required to make monthly payments in the total amount of $1,025.00. This amount includes, in addition to the $300.00 alimony payment, $140.00 for child support, $263.00 for duplex mortgage payment, and a $322.00 monthly payment to the Seattle First National Bank.[12] In relation to appellant's monthly obligation to pay $1,025.00 under the decree, it is pertinent to remember that appellant's net monthly income is only $1,012.00.[13]

Upon consideration of the circumstances referred to immediately above, the fact that appellant is required to pay all of the existing indebtedness of the parties, and the relative position of appellee resulting from the property division decree, we are of the opinion that the trial court abused its discretion in awarding alimony to appellee at this time.[14] We conclude, therefore, that the decree should be modified to suspend for a period of eighteen months the require-

---

387 P.2d 454, 455 (Alaska 1963). See also Rhodes v. Rhodes, 370 P.2d 902, 905 (Alaska 1962); Merrill v. Merrill, 368 P. 2d 546, 547 (Alaska 1962).
AS 09.55.210(6) provides as follows:
> In a judgment in an action for divorce * * * the court may provide * * *
> (6) for the division between the parties of their joint property or the separate property of each, in the manner as may be just, and without regard as to which of the parties is the owner of the property; and to accomplish this end the judgment may require one of the parties to assign, deliver, or convey any of his or her real or personal property to the other party; * * *

10. 368 P.2d 546, note 4, at 547–548 (Alaska 1962).

11. AS 09.55.210(3) establishes that the court in its judgment in a divorce action may provide:
> (3) for the recovery from the party in fault an amount of money, in gross or in installments, as may be just and proper for the party to contribute to the maintenance of the other * * *.
It is also pertinent to note that the appellant initiated the action by filing a complaint seeking divorce on the grounds of incompatibility of temperament. Appellee "counterclaimed" seeking a divorce on the grounds of cruel and inhuman treatment and the separate ground of personal indignities rendering life burdensome. The trial court found that appellant had inflicted upon appellee personal indignities rendering her life burdensome and that appellant was the party at fault within the meaning of AS 09.55.210(3). Although we are of the view that it would serve no useful purpose to catalogue the evidence appearing in the record which supports these findings, we are of the opinion that there is more than adequate evidence to support these findings of the trial court.

12. The payments are in regard to a $4,-300.00 balance owing to the Seattle First National Bank—supra note 5.

13. If appellant's annual bonus is taken into consideration, it would net him approximately $90.00 a month more.

14. Under the decree, in addition to receiving a rent free home, the appellee re-

ment imposed upon appellant to pay to appellee the sum of $300.00 per month alimony. After the expiration of eighteen months from the date of this court's mandate, the trial court may, if appellee so desires, determine whether or not any given amount of alimony should at that time be awarded.[15]

The trial court is directed to modify the decree in accordance with the foregoing, and as modified, the decree is affirmed.

ceives monthly $120.00 net from the rental of the other duplex unit; $140.00 for the support of the parties' minor child; and $216.00 from her part time employment as a sales clerk.

15. If appellee desires a hearing at such time, it is contemplated that the trial court will then have the benefit of the current financial status of the respective parties, the employment record of appellee during this period, and the benefit of medical evidence pertaining to the ability or lack of ability on appellee's part to be employed full time.