Mary Elizabeth ROSS, Appellant,

v.

John Edward ROSS, Appellee.

No. 1608.

Supreme Court of Alaska.

May 4, 1972.

Allan A. Engstrom, Juneau, for appellant.

Thomas P. Blanton, Juneau, for appellee.

Before BONEY, C. J., and RABINOWITZ, CONNOR and ERWIN, JJ.

PER CURIAM.

Appellant Mary Elizabeth Ross appeals from a judgment of property division, rendered in conjunction with a decree of divorce, in which she was awarded none of the real property interests acquired during the marriage while being divested of a portion of the real property interests which she had brought into the marriage. Appellant contends that the trial court misapplied AS 09.55.210(6), as amended in 1968, to the extent that the court awarded appellee, John Edward Ross, property that Mary had acquired prior to their marriage,[1] and that, in any event, the court's division of spousal real property is clearly unjust.[2]

The superior court ordered the following division of the parties' real property interests. Mary was awarded the house and lot which had long been her home. The court determined the property to have a value of $39,000. John was awarded all interests in real estate which he had acquired during the marriage and which have a total estimated value of $40,900.[3] Finally, the court

---

1. AS 09.55.210(6), as amended in 1968, empowers the court to divide spousal property

   acquired only during coverture . . . [except] the court, in making the division, may invade the property of either spouse acquired before marriage when the balancing of the equities between the parties requires it . . . .

   Prior to 1968 neither subsection (6) nor our cases construing that provision made sharp distinction between assets acquired prior to coverture and those acquired subsequently. *See* Merrill v. Merrill, 388 P.2d 259, 260 (Alaska 1964); Crume v. Crume, 378 P.2d 183, 186 (Alaska 1963).

2. We have consistently held that the trial court has broad discretion in dividing spousal property on divorce and that the trial court's determination will not be disturbed on appeal unless it is shown to be clearly unjust. Vanover v. Vanover, Op. No. 790, 496 P.2d 644 (Alaska 1972), and cases cited therein.

3. In 1963 John purchased a parcel of land over the objection of Mary, which he later subdivided into a number of lots. All but five lots were sold during the marriage. On one of the lots he erected the home in which he now lives. The court placed an equity value of $10,000 on the home and lot. Prior to the trial below,

directed John to subdivide a parcel of land brought into the marriage by Mary, to sell the resulting lots, and to divide the proceeds equally between himself and Mary.[4] The court's judgment thus resulted in an approximately even division of the parties' real property interests.[5]

■ We recently had occasion to construe the amended language of AS 09.55.-210(6) which draws a distinction between assets acquired prior to coverture and those subsequently acquired. In Vanover v. Vanover, 496 P.2d 644 (Alaska, 1972), we held that the amended language does not "circumscrib[e] in any significant manner the broad discretion which we have heretofore found vested in the trial court in regard to the property division matters." We further held:

> Where one spouse has made contributions to the marital community, whether of a pecuniary or of a more intangible nature, and where these contributions have benefited in any manner the separate property of the other spouse acquired before the marriage, we believe that the trial court may determine that all or a portion of that property should be included with the property acquired after marriage in effecting a just and equitable division of property.

496 P.2d at 648. The trial court's decision in this case that the balancing of the equities between the parties required invasion of Mary's separate property acquired prior to coverture and its actual property division will not be disturbed on appeal unless we are convinced that the record discloses a clear abuse of discretion.

■ The findings of fact by the trial court are unchallenged. The court found that the parties were married in 1961 and that at the time of trial they had been continuously separated for two years. John was then 61 years of age and Mary 57. No children were born of the marriage. In further considering those factors which this court has stated are relevant in property division cases,[6] the trial court found that John's earning ability is moderate while Mary's is minimal;[7] that both John and Mary occupy the station in life of middle class citizens with average economic and cultural advantages; that John's health is relatively good while Mary suffers from several disabilities requiring regular medication; and that John is relatively secure financially while Mary is "almost completely without liquid assets or cash income," lacking even the resources to effect needed repairs to her home.[8]

two lots were sold which have a balance of $4,900 remaining due on the sale prices. Another lot was sold after the trial, the sale price of $1,000 being placed in escrow for distribution by the court. A final lot, with a stipulated value of $1,000, remains unsold. In addition to the above, John purchased in 1966 a fraction of a lot on which he built a house. In 1969 John conveyed the house and lot to his son by installment contract, the payments under which have a stipulated value of $24,000.

4. The parties agree that John's efforts in this regard will substantially increase the net worth of the parcel from $21,000 to approximately $54,000.

5. Mary was also awarded a station wagon and miscellaneous personal property; John was awarded a pickup truck, the tools of his trade, and other personal property.

6. The list of factors to be considered by the trial court in resolving property division questions which we first set out in Merrill v. Merrill, 368 P.2d 546, 547–548 n. 4 (Alaska 1962), has recently been held to have continued validity. Vanover v. Vanover, 496 P.2d 644 (Alaska, 1972).

7. John's net income for the two years prior to trial averaged $7,000 per year from his small engine repair and saw filing business. Mary has earned virtually nothing since John and she separated in 1969, living primarily on support moneys ordered *pendente lite*. Although she is educated as a teacher, an arthritic condition and the lack of recent work experience have reduced her capacity to earn an adequate income.

8. The court continued for two years John's $200 monthly alimony obligation, estab-

Notwithstanding Mary's clear financial needs and the restrictive language of AS 09.55.210(6), the court below determined that "invasion of the property [Mary] acquired before marriage was indeed necessary in this case in order to balance inequities [sic] between the parties." The following findings by the court support its decision. First, the court found that John had contributed substantially to the worth of Mary's property. John brought into the marriage approximately $20,000 from the sale of real properties. Of this amount he spent about $1,600 in clearing title to Mary's property in her name and additionally contributed about $15,000 in materials and five years of sparetime labor to the improvement of Mary's home and lots.[9] Moreover, the court found that John "will further contribute to the value of the property brought into the marriage by [Mary] because the disposition of [the undeveloped parcel] requires [John] to prepare it for subdivision purposes and sale of lots before the disposition of proceeds from the sale is to be made." Finally, the court found that the acquisition and appreciation of real property acquired during the marriage was attributable solely to John's efforts and labor.

Based on the unchallenged findings of the court below, its decision to award John a portion of the property brought into the marriage by Mary was not an abuse of discretion, and its approximately even division of the parties' real property interests is not clearly unjust.

The judgment is affirmed.

BOOCHEVER, J., not participating.

---

lished *pendente lite* on November 17, 1969. The court found that the marriage was not of sufficient duration to justify an award of alimony for an indefinite period.

9. Mary argues that the court should have discounted John's contributions to the value of her property because he lived in her home for approximately eight years. However, during those years John provided the sole support and maintenance of the family's standard of living.