Gladys E. VANOVER, Appellant,

v.

Harold C. VANOVER, Appellee.

Harold C. VANOVER, Cross-Appellant,

v.

Gladys E. VANOVER, Cross-Appellee.

Nos. 1505, 1512.

Supreme Court of Alaska.

May 4, 1972.

James K. Tallman, Anchorage, for appellant and cross appellee.

J. Randall Luffberry and Edward J. Reasor, Anchorage, for appellee and cross appellant.

Before RABINOWITZ, CONNOR and ERWIN, JJ.

RABINOWITZ, Justice.

The principal questions raised in these appeals concern the trial court's division or property in conjunction with a decree of divorce. Essentially, both parties contend that the trial court misinterpreted and misapplied AS 09.55.210(6).

Prior to 1968, AS 09.55.210(6) provided that:

In a judgment in an action for divorce or action declaring a marriage void or at any time after judgment, the court may provide

.    .    .    .    .    .

(6) for the division between the parties of their joint property or the separate property of each, in the manner as may be just, and without regard as to which of the parties is the owner of the property .    .    .    .

We have consistently held that this statute vested the trial court with broad discretion in the matter of division of the parties' properties and that on appeal we would not disturb the trial court's determination unless it is shown that the property division was clearly unjust. These standards were articulated in Crume v. Crume, 378 P.2d 183, 186 (Alaska 1963), where we said in part:

[W]ith respect to the judicial division of the property in this case, that is a matter left by statute to the broad discretion of the trial court and will not be disturbed on appeal unless an abuse of such discretion is shown. To establish an abuse of discretion the aggrieved party must show that the property division was clearly unjust. (Footnotes omitted.) [1]

In Merrill v. Merrill, 368 P.2d 546, 547–548 n. 4 (Alaska 1962), this court set forth the principal factors which the trial court should consider in resolving property division questions. In *Merrill* we said that

the principal factors .    .    . are the respective ages of the parties; their earning ability; the duration and conduct of each during the marriage; their station in life; the circumstances and necessities of each; their health and physical condition; their financial circumstances, including the time and manner of acquisition of the property in question, its value at the time and its income producing capacity if any.

In 1968 the Alaska Legislature amended AS 09.55.210(6), drawing a distinction between assets acquired prior to coverture and those acquired subsequently. AS 09.55.210(6) now provides:

In a judgment in an action for divorce or action declaring a marriage void or at any time after judgment, the court may provide

.    .    .    .    .    .

1. We have employed the clearly unjust standard in Sheridan v. Sheridan, 466 P.2d 821, 822 (Alaska 1970); Houger v. Houger, 449 P.2d 766, 771 (Alaska 1969); Groff v. Groff, 408 P.2d 998, 1000 (Alaska 1965); McSmith v. McSmith, 387 P.2d 454, 455 (Alaska 1963); Rhodes v. Rhodes, 370 P.2d 902, 905 (Alaska 1962); Merrill v. Merrill, 368 P.2d 546, 547 (Alaska 1962).

(6) for the division between the parties of their property, whether joint or separate, acquired only during coverture, in the manner as may be just, and without regard to which of the parties is in fault; however, the court, in making the division, may invade the property of either spouse acquired before marriage when the balancing of the equities between the parties requires it . . . .

These appeals present our first opportunity to address property division questions arising under AS 09.55.210(6) as amended in 1968. In his appeal Harold Vanover argues that the trial court misapplied AS 09.55.210(6) by invading property he acquired before marriage and awarding a portion of this property to his wife Gladys. In her appeal Gladys contends that the trial court abused its discretion in that it awarded her an inadequate share of Harold's property.

The record, in its salient portions, shows that at the time the matter was tried to the superior court Gladys Vanover was 56 years old and Harold Vanover was 53 years of age. They had been married for 15 years and one son was born of their marriage. At the time of trial, Gladys was employed as a waitress earning a take home pay of approximately $400 per month. During the marriage Gladys worked a total of eight years, earning annually from $5,000 to $6,500. From these earnings Gladys contributed to the upkeep of the family, buying groceries, and paying utilities, taxes on her home and Harold's homestead lands, and other marital expenses. Prior to the marriage Gladys owned seven apartment rental units, which after her marriage to Harold, she sold for $14,000. Out of the proceeds of this sale she made available the sum of $6,000 to enable Harold to purchase a dump truck for his gravel hauling business. Harold additionally used $1,800 of the $14,000 to pay certain tax indebtednesses. Gladys also owned a home prior to the marriage which, by party stipulation, was valued at $16,000.

Harold, Gladys, and their son lived in this house during the marriage of the parties. Although Harold lived in Gladys' house, he made extensive repairs and renovations to the house and grounds over the years they were married.

Harold Vanover had come to Alaska in 1947 and homesteaded 160 acres in 1948. He received a patent for these lands in 1951. In 1953 he obtained a divorce from his first wife who was awarded a portion of these homestead lands.[2] At the time he remarried, Harold had approximately 70 acres of the original homestead left. After marrying Gladys, Harold sold 20 acres of the remaining 70 for approximately $20,000. This money was used in payment of family expenses and equipment. Regarding the remainder of Harold's homestead lands, the parties stipulated to the following values of the remaining lots in Van's Subdivision and of Harold's interests in various executory contracts of sale pertaining to other portions of the subdivision:

| Lot 9, | Block 2 | $10,000 |
|---|---|---|
| Lot 10, | Block 2 | 10,000 |
| Lot 3, | Block 4 | 4,500 |
| Lot 4, | Block 4 | 4,500 |
| Lot 5, | Block 4 | 4,500 |
| Lot 4, | Block 5 | 7,500 |
| Lot 5, | Block 5 | 7,500 |

*Interests in Executory Contracts of Sale*

| Miller contract balance | $ 619.81 |
|---|---|
| Watts contract balance | 26,488.95 |
| Carr contract balance | 22,668.55 |
| Kocurek contract balance | 110,000.00 |

At the conclusion of the trial, the superior court divided the property of the parties in the following manner: Gladys received the family home, furniture and fixtures; one-half of the proceeds from the sale of a Public Service Commission Permit which Harold used in connection with his gravel hauling business; $3,000 in cash from the Kocurek contract, plus $326 monthly for 15

2. These lands had by this time been subdivided and were known as Van's Subdivision.

years from the monthly installments payable under the Kocurek contract once the balance of this contract is reduced to $84,000; two fairly old vehicles; her personal effects; and certain cemetery lots. Harold was awarded the $17,500 down payment payable under the Kocurek contract, all payments made thereunder until the balance reached $84,000, and 60 percent of the payments thereafter; the entire balances of the Miller, Watts, and Carr executory contracts of sale; sole title to the seven remaining lots in Van's Subdivision; one-half of the proceeds from the sale of a Public Service Commission Permit; and one 1968 Cadillac automobile.

In arriving at this property division, the trial judge, in his oral opinion, advised counsel that he was fully aware of the provisions of AS 09.55.210(6), stating that he felt

> that because [Gladys'] efforts helped to save [Harold's homestead lands], because her efforts helped to support the family she must now therefore be allowed to share in the bounty resulting from the retention of the land until it did become so valuable.

In his oral decision the trial judge further stated that he was

> going to make no effort to divide the property equally. I feel . . . [Harold] here should have the substantial portion. I'm looking rather at the needs of the parties, bearing in mind what I do know about their respective contributions both before and during the marriage . . . .

The trial judge concluded his oral opinion with the statement that he felt the division he had decided upon would meet Gladys' needs "without unduly depriving [Harold] of any of the fruits of his . . . blood, sweat, and tears that went into his homesteading."

■ Turning first to Harold's appeal, we are of the view that on this record the superior court did not misapply AS 09.55.-210(6) when it determined that Gladys was entitled to $3,000 in cash from the Kocurek contract, as well as a percentage of the monthly installment payments due under the Kocurek contract. We believe that a balancing of the equities required that the trial court invade the separate property of Harold which he had acquired prior to his marriage to Gladys. From the record it is apparent that the homestead lands to which Harold had managed to obtain a patent prior to his marriage had greatly appreciated in value during the 15 years that he was married to Gladys. In part through the efforts of Gladys, by virtue of her working for eight years during their 15-year marriage and her contributions toward payment of family expenses and taxes, Harold was able to retain most of the homestead lands he had brought into their marriage. Given the extent of Gladys' financial contributions, the fact that the parties lived in her house during the marriage, the fact that her house had not appreciated in value during this period, her somewhat advanced age and fairly limited earning capacity, we think the trial court made an appropriate decision when it determined that the equities of the situation required invasion of Harold's homestead lands in order to achieve a just property division. We therefore hold that the superior court did not err in awarding Gladys a portion of Harold's separate property acquired prior to marriage.

■ On the other hand, we think that there is merit in Gladys' contention that the trial court abused its discretion in awarding her too little of Harold's property. In light of the factors we have previously alluded to, such as Gladys' age, her limited earning capacity, and the contributions she made towards the payment of family expenses and her husband's business ventures, we think that a just division of the property of the parties not only required the invasion of Harold's separate property acquired before he married Gladys but that the equities of the case required that Gladys be awarded a somewhat greater share than she received under the trial

court's decree. Here Harold not only retained title to the seven remaining lots in Van's Subdivision, which were valued at $48,500, but additionally he was awarded the total unpaid balances of the executory contracts of sale pertaining to the Miller, Watts, and Carr transactions, which balances totalled approximately $50,000. Further, Harold received the $17,500 down payment on the $110,000 Kocurek contract, 60 percent of the monthly installments due under the contract once the balance reached $84,000, plus all of the payments under the contract until the $84,000 balance was reached. In light of these factors, we think that the matter should be remanded to the superior court for the purpose of making a more equitable property division. This is not to say that we think an equal division of Harold's property would be appropriate on this record.

In reaching these conclusions, we have determined that AS 09.55.210(6), as amended in 1968, empowers the trial court to invade the property of a spouse acquired prior to the marriage where a division solely of property acquired during coverture would be unjust. We do not read AS 09.55.210(6) as circumscribing in any significant manner the broad discretion which we have heretofore found vested in the trial court in regard to property division matters.

Where one spouse has made contributions to the marital community, whether of a pecuniary or of a more intangible nature, and where these contributions have benefited in any manner the separate property of the other spouse acquired before the marriage, we believe that the trial court may determine that all or a portion of that property should be included with the property acquired after marriage in effecting a just and equitable division of property.

Thus, we find that the standards regarding the trial court's discretion articulated in Crume v. Crume, 378 P.2d 183, 186 (Alaska 1963), are applicable both to the trial court's exercise of its discretion in deciding whether or not the balancing of the equities between the parties requires invasion of the separate property of a spouse acquired prior to coverture and to the trial court's decision in making the actual property division. As to such matters, we will not disturb the trial court's exercise of its discretion unless we are convinced that the record discloses a clear abuse of discretion. We are of the further view that the factors we alluded to in Merrill v. Merrill, 368 P.2d 546, 547–548 n. 4 (Alaska 1962), have continued validity and should be applied by trial courts in making property division determinations of after-acquired property under AS 09.55.210(6). In determining whether separate property acquired before marriage should be invaded, the court should particularly consider factors such as the duration of the marriage, the conduct of the parties during the marriage, the manner of acquisition of the property, its value at the time of acquisition and at the time of the property division, and any other factors bearing on whether the equities dictate that the other spouse is entitled to share in that property.

Since we have determined that the matter must be remanded, we also think it appropriate that on remand the trial court redetermine its award of attorney's fees to Gladys. Our study of the record has left us with the conclusion that the trial court's award to Gladys of $200 in attorney's fees is clearly inadequate.[3]

Affirmed in part, reversed in part, and remanded for further proceedings in conformity with the foregoing.

BONEY, C. J., and BOOCHEVER, J., not participating.

3. AS 09.55.200(a) (1). Houger v. Houger, 449 P.2d 766, 772 (Alaska 1969).