**Ann Adele HURN, Appellant,**

**v.**

**John T. HURN, Jr., Appellee.**

**No. 2300.**

Supreme Court of Alaska.

Oct. 23, 1975.

Helen L. Simpson, Anchorage, for appellant.

Juliana D. Wilson, of Wilson & Wilson, Anchorage, for appellee.

OPINION

Before RABINOWITZ, C. J., and CONNOR, ERWIN and BOOCHEVER, JJ.

PER CURIAM.

Mrs. Hurn asks us to set aside a property settlement in a divorce decree, contending that she should have been awarded one-half of the assets acquired during the marriage. The parties were married on June 18, 1971 and separated in the latter part of May 1972 when Mrs. Hurn left on an educational-business trip to South America, paid for out of the parties' assets. No children were born as an issue of the marriage. In June or July 1972 when Mrs. Hurn returned from her trip, she decided to terminate the marriage, and the parties lived separately thereafter.

AS 09.55.210(6) specifies that in an action for divorce, the court may provide for a division of the parties' property acquired during the marriage "in the manner as may be just, and without regard to which of the parties is in fault". Although the facts in this case [1] may well be construed to indicate an approximately equal division of property acquired during the marriage, the statute does not equate a "just" division of property with an equal division in all cases. We have repeatedly held that a judicial division of property is left by AS 09.55.210(6) to the broad discretion of the trial court and will not be disturbed on appeal unless an abuse of discretion is shown. The aggrieved party must show that the property division is clearly unjust.[2]

---

1. We shall not lengthen this opinion by detailing the facts.

2. *Martin v. Martin*, 530 P.2d 1386 (Alaska 1975); *Mullaly v. Mullaly*, 518 P.2d 1395 (Alaska 1974); *Moore v. Moore*, 499 P.2d 300, 304 (Alaska 1972); *Vanover v. Vanover*, 496 P.2d 644, 645 (Alaska 1972); *Crume v. Crume*, 378 P.2d 183, 186 (Alaska 1963); *McSmith v. McSmith*, 387 P.2d 454, 455 (Alaska 1963).

There was adequate evidence to support the findings of the trial court,[3] which are sufficient to justify limiting Mrs. Hurn's award to $5,000.00 in lieu of all rights to property acquired during the marriage. The award was not clearly erroneous.

Affirmed.

BURKE, J., not participating.

3. We do not construe the court's opinion as being based on the failure of Mrs. Hurn to be gainfully employed, in the sense of securing financial remuneration. A spouse's rights in a property settlement will not be lessened as the result of a consensual division of labor during the marriage.