**John B. SCHONING, Appellant,**

v.

**Blanche Y. SCHONING, Appellee.**

**No. 2608.**

Supreme Court of Alaska.

May 21, 1976.

Douglas B. Baily and David Shimek of Matthews, Dunn & Baily, Anchorage, for appellant.

William H. Fuld of Kay, Christie, Fuld & Saville, Anchorage, for appellee.

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, ERWIN and BURKE, JJ.

OPINION

PER CURIAM.

This appeal stems from an action for divorce. The sole issue presented is whether

the superior court erred in awarding alimony, in the amount of $600 per month, to Blanche Schoning when considered in light of its division of the marital property.[1]

■ This court's prior decisions have firmly established the rule that the superior court is vested with broad discretion in such matters as award of alimony and property division, and that we will not interfere with the exercise of that discretion absent clear evidence of an unjust property division.[2] In exercising its discretion, the superior court is to be guided by the following criteria in determining questions of alimony and division of property:

> . . . the respective ages of the parties; their earning ability; the duration and conduct of each during the marriage; their station in life; the circumstances and necessities of each; their health and physical condition; their financial circumstances, including the time and manner of acquisition of the property in question, its value at the time and its income producing capacity if any.[3]

■ Given the applicable standard of review in these matters and our careful study of the entire record in the case at bar in light of the *Merrill* criteria, we conclude that the superior court did not abuse its discretion in the award it made of alimony or in its division of the parties' property in the instant case.[4]

Affirmed.

---

1. Appellant John Schoning has alternatively phrased the issue as whether the superior court " . . . erred in its division of the marital property when the division is considered in the light of the alimony award."

2. In *Burrell v. Burrell*, 537 P.2d 1, 4 (Alaska 1975) (footnote omitted), we observed:

> Our usual approach to problems of property division has been to emphasize the trial court's broad discretion, which will not be reversed absent clear evidence of an unjust property division.

3. *Merrill v. Merrill*, 368 P.2d 546, 547–48 n. 4 (Alaska 1962). The criteria adopted in *Merrill* have been frequently reiterated: *Moore v. Moore*, 499 P.2d 300 (Alaska 1972); *Vanover v. Vanover*, 496 P.2d 644 (Alaska 1972); *Stroecker v. Stroecker*, 428 P.2d 384 (Alaska 1967); *Groff v. Groff*, 408 P.2d 998 (Alaska 1965).

The statutory basis for property divisions in divorce proceedings is found in AS 09.55.210:

> In a judgment in an action for divorce . . . the court may provide
>
> (3) for the recovery by one party from the other of an amount of money for maintenance, in gross or in installments, as may be just and necessary without regard to which of the parties is in fault;
>
> (6) for the division between the parties of their property, whether joint or separate, acquired only during coverture, in the manner as may be just, and without regard to which of the parties is in fault
> . . . .

4. Historically we have found an abuse of discretion " . . . where the property divisions, coupled with maintenance awards, threatened to take practically all of one spouse's income." *Burrell v. Burrell*, 537 P.2d 1, 4 n. 6 (Alaska 1975), citing *Rhodes v. Rhodes*, 370 P.2d 902 (Alaska 1962); *Crume v. Crume*, 378 P.2d 183 (Alaska 1963); *Stroecker v. Stroecker*, 428 P.2d 384 (Alaska 1967).