**Anthony M. MESSINA, Appellant,**

v.

**Marjorie P. MESSINA, Appellee.**

**No. 3508.**

Supreme Court of Alaska.

Sept. 22, 1978.

Richard D. Savell, Aschenbrenner & Savell, Fairbanks, for appellant.

No appearance for appellee.

Before BOOCHEVER, Chief Justice, and RABINOWITZ, CONNOR, BURKE and MATTHEWS, Justices.

OPINION

MATTHEWS, Justice.

■ The issue in this case is whether the trial court abused its discretion in awarding alimony of $200 per month to Marjorie Messina "until such time as she shall remarry or lives with another man." In our prior decisions we have not emphasized the statutory standards for an alimony award.[1] They are that it be "just and necessary."[2] Instead, we have noted that the factors to be considered are the same as those which are relevant where the sole issue is the division of marital property.[3] While those factors do supply some guidance as to when and to what extent alimony is "just and necessary", they are not substitutes for the statutory standard, nor are they all that should be said about the standard.

The Uniform Marriage & Divorce Act, approved by the National Conference of Commissioners on Uniform State Laws and recommended for passage by the states by the American Bar Association, provides for alimony only if the spouse seeking maintenance:

1. lacks sufficient property to provide for his reasonable needs; and

2. is unable to support himself through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the cus-

---

1. *Burks v. Burks,* 564 P.2d 71 (Alaska 1977); *Schoning v. Schoning,* 550 P.2d 373, 374 (Alaska 1976).

2. AS 09.55.210 provides in part:

    (3) for the recovery by one party from the other of an amount of money for maintenance, in gross or in installments, as may be just and necessary without regard to which of the parties is in fault.

3. *Schoning v. Schoning, supra* note 1, at 374. The factors are:

the respective ages of the parties; their earning ability; the duration and conduct of each during the marriage; their station in life; the circumstances and necessities of each; their health and physical condition; their financial circumstances, including the time and manner of acquisition of the property in question, its value at the time and its income producing capacity if any.

*Id., quoting Merrill v. Merrill,* 368 P.2d 546, 547–48 n. 4 (Alaska 1962).

todian may not be required to seek employment outside the home.[4]

The comment pertaining to these provisions states:

> The dual intention of this section and Section 307 [property division] is to encourage the court to provide for the financial needs of the spouses by property disposition rather than by an award of maintenance. Only if the available property is insufficient for the purpose and if the spouse who seeks maintenance is unable to secure employment appropriate to his skills and interests or is occupied with child care may an award of maintenance be ordered.

We believe that the foregoing should be considered, together with the *Merrill* factors, *supra* note 3, in determining when it is necessary and just that alimony be awarded.

 Here the superior court, understandably in view of our past decisions, made no finding as to whether alimony was necessary and just. Our study of the record does not lead us to the inevitable conclusion that the award was justified, however adequate findings might remove our doubts. Therefore the award of alimony is vacated, and the case is remanded for the purpose of making appropriate findings. If the trial judge concludes in light of this opinion that the evidence does not justify the award of $200 monthly as permanent alimony, he may, in his discretion, enter a modified award for such amount and term as may be justified, or reject the alimony claim, or re-open the proceedings to receive additional evidence.

VACATED and REMANDED.

4. Uniform Marriage & Divorce Act § 308(a)(1).