Shirley J. ROSSON, Appellant,

v.

Thomas A. ROSSON, Appellee.

No. 5074.

Supreme Court of Alaska.

Oct. 30, 1981.

Robert B. Downes, Cole & Downes, Fairbanks, for appellant.

Lance C. Parrish, Parrish Law Office, Fairbanks, for appellee.

Before RABINOWITZ, C. J., and CONNOR, BURKE, MATTHEWS and COMPTON, JJ.

OPINION

COMPTON, Justice.

In this appeal we must decide whether the superior court abused its discretion by making a nearly equal division of property in a divorce action. We conclude that it did not.

Shirley Maher, appellant, was separated from her husband, Thomas Maher, sometime prior to August 1975. In August, Shirley married Thomas Rosson, appellee, allegedly in the good faith belief that her separation from Thomas Maher had resulted in a divorce.[1] Shirley was subsequently advised by her attorney for the Maher divorce that she should obtain an annulment of her marriage to Rosson, which she did. In June 1976, Shirley and Thomas Maher

---

1. Thomas Rosson testified that when he married Shirley he knew the Maher divorce was not final. The superior court found that both Shirley and Thomas "were aware that [Shirley] was still married to Thomas Maher."

were divorced. Shirley and Thomas Rosson were again married to each other in January 1977.

While living together, Shirley and Thomas Rosson earned money by developing and selling real estate. Thomas was self-employed as a building contractor. Shirley was self-employed as a real estate broker. The couple merged their two offices, shared expenses and worked in each other's businesses. Following her divorce from Thomas Maher, Shirley owned a substantial amount of undeveloped real estate.[2] Some of this property was developed and sold by Shirley and Thomas Rosson during their marriage, while some remained undeveloped and in Shirley's name. For various reasons, the parties encountered economic difficulties and toward the end of their marriage they accumulated significant liabilities.

In September 1978, Shirley filed a complaint for a divorce from Thomas Rosson. At trial, the court found that the parties had made no effort during the time they lived together to separate their property and funds. The parties treated all monies received and all expenses paid as joint monies and expenses. They jointly applied their efforts and financial resources to the operation of their business. The court concluded that it was the intent of the parties to treat all property, whether initially separate or joint, as joint property, with the exception of two parcels of land owned by Shirley that Thomas agreed Shirley should have.

The court concluded:

Because ... this was the intent of the parties, and because the parties co-mingled their funds, and because the parties made no attempt to separate or keep separate the different properties, or accounts, and because it is impossible to determine the exact tax consequences and because the parties have withdrawn money for personal use and upon other factors, the Court feels that the only just and equitable division that can be made is to divide the property equally between the parties [except for the two parcels that Thomas agrees Shirley should have]. Other than [these two parcels] all assets and liabilities of the parties should be divided equally.

On appeal, Shirley challenges numerous findings made by the court. Most of these challenges are irrelevant or frivolous.[3] Her central argument, however, that the court erred in awarding Thomas a large share of what she alleges to be her separate property, is worthy of consideration. Shirley claims that she never intended to contribute her separate property to the marital estate and that the superior court erred in concluding that it had become joint property.

■■■ Although conflicting evidence was presented at trial, there was substantial evidence from which the court could conclude that the parties intended to treat all of their property as joint property from the time they started living together.[4] Thomas

2. We affirmed the superior court's distribution of property in the Maher divorce in *Maher v. Maher*, 569 P.2d 1338 (Alaska 1977).

3. Shirley raises thirteen objections in her appeal. Thomas's brief points to substantial evidence supporting the court's findings and our review of the record indicates that there is no merit to most of Shirley's objections.

4. One of the superior court's findings was:

Although the marriage of August, 1975, may technically be void, for the purposes of the property division, the Court finds it is just and equitable to consider that the parties were married in August of 1975. The parties lived together since the spring of 1975, shared expenses since 1975, applied joint efforts toward the maintenance and accumulation of property since the spring of 1975. From the evidence the court finds the parties acted as if they were married since 1975.

Shirley objects to this finding on the basis that the parties did not enter into a valid marriage until 1977. This objection is well taken. As we indicated in *Hager v. Hager*, 553 P.2d 919, 922–23 (Alaska 1976), parties who enter into a relationship that is neither a lawful marriage nor a bona fide putative marriage must be treated as unmarried for the period of that relationship. To the extent that the superior court's conclusion is inconsistent with this, it is in error, but the error is harmless. It would be significant only if the parties were disputing the character of property acquired between

Rosson testified that from the time of their first, invalid marriage he and Shirley agreed that they would "just put everything in one pot and go to work, not worry[ing] about what went where." This testimony was not impeached. It is clear that Shirley contributed some of her separate property to the marital estate. She contributed some undeveloped land upon which Thomas built an apartment complex that was later sold. She also contributed a lot in the Talkeetna Subdivision upon which Thomas built their joint residence. There were plans to develop one of Shirley's vacant lots into a bowling alley, although this project was never begun. Corporations formed by the parties to handle all of their economic endeavors were formed as jointly owned corporations, indicating that the parties considered themselves one economic unit. Thus, we cannot conclude that the superior court erred in deciding that almost all of the parties' property was joint property at the time of their divorce.

■ Furthermore, we cannot conclude that the superior court erred by dividing the property nearly equally. As we have previously indicated, the trial court has broad discretion when making property divisions and we will not disturb its decision unless an aggrieved party shows that the division is clearly unjust. *Courtney v. Courtney*, 542 P.2d 164, 169 (Alaska 1975); *Hurn v. Hurn*, 541 P.2d 360, 360 (Alaska 1975); *Vanover v. Vanover*, 496 P.2d 644, 645 (Alaska 1972); *McSmith v. McSmith*, 387 P.2d 454, 455 (Alaska 1963). Shirley has not shown that the nearly equal division is clearly unjust under the facts of this case.

■ We agree with the superior court that, even if Shirley's property were considered to be separate rather than joint property, the court's division would be proper. AS 09.55.210(6) provides in part:

> In a judgment in an action for divorce ... the court may provide ... for the division between the parties of their property, whether joint or separate, acquired only during coverture, in the man-

ner as may be just ...; however, *the court*, in making the division, *may invade the property of either spouse acquired before marriage when the balancing of the equities between the parties requires it.* ... [Emphasis added.]

As we stated in *Vanover v. Vanover*, 496 P.2d 644, 648 (Alaska 1972):

> In determining whether separate property acquired before marriage should be invaded, the court should particularly consider factors such as the duration of the marriage, the conduct of the parties during the marriage, the manner of acquisition of the property, its value at the time of acquisition and at the time of the property division, and any factors bearing on whether the equities dictate that the other spouse is entitled to share in that property.

We agree with the superior court that justice and equity require the nearly equal division of property it made in this case. Although the parties' marriage was of short duration and Thomas Rosson had nothing to do with Shirley's acquisition of her separate property, there are other considerations weighing in favor of the court's division. Shirley would have gained much if their business ventures had ultimately been successful. Unlike Thomas, however, Shirley invested little capital into their ventures. As Thomas suggests, Shirley would like to keep all of the unencumbered property for herself, and leave Thomas with all of the liabilities. To the extent that Shirley would have gained if their ventures had prospered, it is not unjust that she share in their losses.

Shirley seems to suggest that the value of the property she brought into the marriage far exceeds Thomas's contributions or the present liabilities of their ventures. We can only respond as the superior court did that the lack of evidence regarding the values of the properties and the liabilities precluded the court from making a mathematically precise division. While evidence indicates that the contributions of each party were substantial, the court could not

1975 and 1977. The only characterization of property at issue in this case is whether proper-

ty acquired by Shirley before 1975 is separate or joint property.

determine whether one of the parties—and if so, which—made the greater contribution. Thus, even if all the property Shirley acquired before her marriage to Thomas Rosson is considered as her separate property, we cannot say that the court abused its discretion in making the division it did.

The judgment is AFFIRMED.

MATTHEWS, J., joined by RABINOWITZ, C. J., dissented.

MATTHEWS, Justice, joined by RABINOWITZ, Chief Justice, dissenting.

Appellant owned at the time of her marriage to appellee six parcels of real property. The trial court allowed her to keep as her separate property two of these six parcels; appellee was given an undivided one-half interest in the other four.

While the trial court concluded that equity required this result, this conclusion has no perceptible support in the court's findings. In particular, the court did not find the value of the property acquired during the marriage, or of the six parcels which appellant brought into the marriage. The court also made no findings which might tend to explain why the balancing of the equities between the parties to this brief marriage required that the appellee, an able bodied man more than ten years younger than appellant, should become, upon divorce, a tenant in common with appellant in most of her separate property.

Civil Rule 52(a) requires that the trial judge in a non-jury trial enter specific findings of fact. Such findings must include "as much of the subsidiary facts as is necessary to disclose to the reviewing court the steps by which the trial court reached its ultimate conclusion on each factual issue." State v. Kaatz, 572 P.2d 775, 781 (Alaska 1977) quoting 9 C. Wright and A. Miller, Federal Practice & Procedure § 2579 at 710 (1971). The findings requirement exists not only to make appellate review meaningful, but to ensure a reasoned judgment on the part of the trial court. It "gives assurance that he has exercised care in ascertaining the facts, and has employed both skill and

judgment in reducing his thoughts on contested matters to precise and pertinent findings...." Merrill v. Merrill, 368 P.2d 546, 548 (Alaska 1962).

Due to the inadequacy of the court's findings informed appellate review is not possible on this record, and there is no objective assurance that the trial court engaged in a reasoned, thoughtful decision-making process. For this reason I would remand this case to the trial court with directions to make findings as to the value of each parcel of property involved and to explain its rationale for invading appellant's separate property.