**In the Matter of D.C.**

**P.C., Appellant,**

v.

**STATE of Alaska and J.C., Appellees.**

**No. S–944.**

Supreme Court of Alaska.

Feb. 28, 1986.

Stephan R. West, Alaska Legal Services Corp., Ketchikan, for appellant.

Mark L. Ells, Asst. Dist. Atty., Ketchikan, for appellee State of Alaska.

Bruce Davies, Ketchikan, for appellee J.C.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

MATTHEWS, Justice.

In this appeal from a superior court order of foster placement of an Indian child, we find it necessary to vacate the order and remand because no written findings of fact were entered as required under Children's Rules 21(c) and 22(d). The findings requirement serves three basic functions: (1) it aids the trial judge's analytical process; (2) it may be relevant for collateral estoppel purposes; and (3) it aids the appellate court on review. *Merrill v. Merrill*, 368 P.2d 546, 548 (Alaska 1962). Of these, the first and the third are implicated here. Of special importance is the lack of a finding concerning the issue of whether the continued custody of the child by the parent is likely to result in serious emotional or physical damage to the child. Such a finding is mandated under 25 U.S.C. § 1912(e).

Additionally, section 1912(e) requires that a qualified expert witness testify that continued custody of the child by the parent is likely to result in serious emotional or physical damage to the child. Although a qualified expert testified that the child had been sexually abused, no expert gave the predictive testimony required by statute.[1]

For the above reasons, the order is VACATED and the matter is REMANDED for supplemental proceedings.[2]

---

**1.** We find no abuse of discretion in the trial court's determination that the witness was a qualified expert for purposes of section 1912(e), given her education, training, and work experience in the field of sexual abuse of children. *See* H.Rep. No. 1386, 95th Cong.2d Sess. 22, *reprinted in* 1978 U.S.Code Cong. & Ad News 7530, 7545; United States Department of the Interior, Guidelines for State Courts; Indian Child Custody Proceedings, 44 Fed.Reg. 67583, 67593 (1979).

**2.** We find no violation of the reasonable proximity provision of 25 U.S.C. § 1915(b). The trial court did not abuse its discretion in determining that evidence of the special needs of the child in overcoming an emotionally based learning disability justified continued placement with relatives who would temporarily be moving to Seattle.