Owen Thomas KING, Appellant,

v.

Ivor B. RICHARDS, Sr., Marcella L. Richards, and Ivor B. Richards, Jr., Appellees.

Ivor B. RICHARDS, Sr., Marcella L. Richards, and Ivor B. Richards, Jr., Cross-Appellants,

v.

Owen Thomas KING, Cross-Appellee.

Nos. 3225, 3226.

Supreme Court of Alaska.

Sept. 29, 1978.

Ronald A. Offret, Edgar Paul Boyko & Associates, Anchorage, for appellant-cross-appellee.

Helen L. Simpson, Anchorage, for appellees-cross-appellants.

OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, BURKE and MATTHEWS, JJ.

BURKE, Justice.

In this appeal we are asked by appellant/cross-appellee to set aside the judgment of the superior court in an action to compel specific performance of an alleged oral contract to convey real property. Appellees/cross-appellants argue, in their cross-appeal, that a damage award contained in the judgment should have been for twice the amount given. Otherwise, they argue that the judgment should be affirmed.

On June 9, 1975, Ivor B. Richards, Sr., Marcella L. Richards, and their son Ivor B. Richards, Jr., appellees/cross-appellants, filed a complaint for specific performance in the superior court. Owen Thomas King, appellant/cross-appellee, was the named defendant. According to the complaint, in June of 1960, and at various times thereafter, King promised to convey approximately 30 acres of land to appellees/cross-appellants, from a larger parcel that he had homesteaded, in exchange for their assistance in clearing, cultivating and developing his land. The complaint further alleged that in reliance on King's promises appellees/cross-appellants moved onto the land and performed the desired services, over a period totalling approximately fifteen years, but that King thereafter refused to convey to them that portion of the property covered by the agreement. The complaint prayed for a decree of specific performance or, in the alternative, an award of damages in the amount of $100,000.00, "representing the reasonable value of services provided to the defendant."

In his answer, King denied the material allegations of the complaint and, as an affirmative defense, pleaded that the relief sought was barred by the statute of frauds. *See* AS 09.25.010; Rule 8(c), Alaska R.Civ.P.

Following a non-jury trial, judgment was entered in favor of appellees/cross-appellants. Instead of the relief prayed for in the complaint, that judgment decreed that appellees/cross-appellants should have title to a house they had been living in and two and one-half acres of land surrounding it. In addition, appellees/cross-appellants were awarded damages in the amount of $9,375.00, plus their costs and attorney's fees. The damage award was in lieu of specific performance of a promise by King to convey a five acre parcel of land "to the Richards boys" for their help in assisting him to clear alders from his property.

A party seeking specific performance of an oral contract to convey an interest in real property must first show that the agreement was taken out of the statute of frauds, such as by part performance. *See Prokopis v. Prokopis,* 519 P.2d 814, 816 (Alaska 1974). Next, he must prove the existence of a contract sufficiently definite and certain in its terms to warrant a grant of specific performance. *Id.* However, in *Jackson v. White,* 556 P.2d 530, 534 (Alaska 1976), decided less than month after the judgment was entered in this case, we held:

> [T]he party alleging an oral contract to convey land should prove the existence of the contract, its terms and part performance by *clear and convincing evidence rather than a mere preponderance of the evidence.* [Emphasis added].

Here, as in *Jackson, supra,* the superior court's Findings of Fact and Conclusions of Law do not indicate what standard of proof was used. Accordingly, we remand the case to the superior court with instructions that the trial judge indicate what standard of proof he applied. In the event that the standard adopted in *Jackson v. White, supra,* was not applied, he shall review the evidence and advise whether he would have resolved the issues differently by applying the standard of clear and convincing evidence. If so, he shall file amended Findings of Fact and Conclusions of Law, and an appropriate judgment.

Pending the superior court's compliance with our order on remand, we shall retain jurisdiction of this matter. Thereafter, the issues raised on appeal will be disposed of on their merits. In the event of any change in the trial court's decision, the parties may apply for leave to file supplemental briefs.

REMANDED for further proceedings in conformity with this opinion.

BOOCHEVER, Chief Justice, dissenting.

I see no reason to remand this case to the superior court for a determination of whether the Richards family proved the existence of the contract by clear and convincing evidence rather than by a mere preponderance of the evidence.[1] In its find-

---

1. *See Jackson v. White,* 556 P.2d 530, 534 (Alaska 1976).

ings of fact, the trial court stated that in June 1971, at the request of King and upon the promise that he would give them the house and land he had previously promised, the Richards family moved to the King property. The court found that the Richards family bought equipment used for clearing the land, paid for a well and water system, paid for and supplied labor for fencing the property, bought quonsets and buildings for housing and storage, assisted in the moving of buildings off certain land that King had sold, and moved into the house King had given to them.

In *Jackson v. White*,[2] a request was made for a specific statement to be included in the Findings of Fact and Conclusions of Law as to the appropriate standard of proof. A written objection was filed to the proposed findings requesting the court to indicate whether proof was by clear and convincing evidence or a preponderance of the evidence. King does not contend that such a request or an objection was filed in the present case, and I see no reason to believe that the court did not apply the proper standard.

It seems self-evident that the proof was by clear and convincing evidence, since the Richards family would not logically have done the foregoing things without an agreement that they would receive the land. Moreover, the trial court stated in its oral decision:

> I feel that while I am filling some of the voids in the agreement that the parties had, I feel that basing it upon the testimony of the plaintiff and of Mrs. Richards and of the condition under which the parties coexisted for the period that they had, that the conversations that took place lead *inevitably* in my view to the conclusion that Mrs. Richards expected a house and reasonable land upon which to use the same. (emphasis added)

I would affirm Judge Lewis' well-reasoned decision granting specific performance.[3]

2.  *Id.*

3.  With respect to the Richards' cross-appeal, challenging the damage award for the value of five acres of land promised to the Richards' sons, I do not believe that the court was clearly erroneous in finding that five acres total had been promised. *See Alaska Gay Coalition v. Sullivan*, 578 P.2d 951, 956 n. 7 (Alaska 1978). Moreover, only one of the sons participated in this litigation as a party plaintiff.