John J. HILL, Appellant,

v.

Joan Marie AMES, Appellee.

No. 4384.

Supreme Court of Alaska.

Feb. 21, 1980.

Irwin Ravin, Fairbanks, for appellant.

Winston S. Burbank, Birch, Horton, Bittner, & Monroe, Fairbanks, for appellee.

## OPINION

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.

CONNOR, Justice.

The parties to this case lived together in a non-marital relationship between 1966 and 1977. During that time, appellant substantially completed the building of a log house on property owned by appellee.[1] After the relationship between the parties was terminated, appellant sought an action for specific performance of an alleged oral contract. It was claimed that appellee had agreed to convey to appellant an undivided half interest in the property as compensation for the log house construction. Appellant sought to enforce a conveyance of this property interest.[2]

After trial, the superior court found that appellant had failed to prove by clear and convincing evidence either the existence of terms of the alleged oral contract. This was the appropriate standard in such cases. One who seeks to establish an oral contract to convey real property must do so by clear and convincing evidence. *Jackson v. White*, 556 P.2d 530, 534 (Alaska 1976).[3] Since the superior court applied the proper standard and our review of the record reveals no basis for questioning the court's findings, we must conclude that the court did not commit clear error. We will not set aside the findings of a trial court unless they are "clearly erroneous." To be "clearly erroneous" a finding must leave us with the definite and firm conviction that a

---

1. The log house was built on top of a basement apartment which the parties had occupied and was 90% completed at the time the parties ended their relationship.

2. Alternatively, appellant sought a dissolution and accounting for his interest in an alleged partnership between the parties. The trial court found that there was no partnership and appellant has abandoned this claim on appeal.

3. *See also, King v. Richards*, 584 P.2d 50, 51 (Alaska 1978).

mistake has been made.[4] We are not so persuaded here. Therefore, we must affirm the findings of the superior court.

Appellant next argues that the court erred in denying equitable relief, based upon the principle adopted by the California Supreme Court in *Marvin v. Marvin*, 18 Cal.3d 660, 134 Cal.Rptr. 815, 557 P.2d 106 (1976).[5] He acknowledges that the complaint here did not ask for equitable relief, but he argues that the question was tried with the implied consent of the appellee, and that the court should have permitted the pleadings to be amended to conform to the proof, pursuant to Alaska Rules of Civil Procedure 15(b). Appellee denies that the question of equitable relief was tried by her express or implied consent, and argues that although some evidence was adduced that might bear upon the claims of either quantum meruit or constructive trust, there was no adjudication of such claims, and the lack of determination of those claims cannot be complained of on appeal.

In our view, appellee's argument is persuasive. While there is evidence in the record which might be relevant to possible relief on theories of quantum meruit or constructive trust, appellee did not have an opportunity to put in countervailing evidence on those theories, and the court was not apprised that those questions were to be litigated. No motion for leave to amend the complaint was made in the superior court. Therefore, we will not consider these questions on appeal.

It follows that we will not address appellant's contentions that we should overrule *Hager v. Hager*, 553 P.2d 919 (Alaska 1976),

and *Sugg v. Morris*, 392 P.2d 313 (Alaska 1964), and that we should adopt the principle of *Marvin v. Marvin*, 18 Cal.3d 660, 134 Cal.Rptr. 815, 557 P.2d 106 (1976).[6]

AFFIRMED.

---

4. *United States v. RCA Alaska Communications, Inc.*, 597 P.2d 489, 513 n.2 (Alaska 1979); *Martens v. Metzgar*, 591 P.2d 541, 544 (Alaska 1979); *Frontier Saloon, Inc. v. Short*, 557 P.2d 779 (Alaska 1976).

5. The *Marvin* decision held that if a complaint states a cause of action for a breach of an express contract, and furnishes a suitable basis on which the trial court could render declaratory relief, the complaint could be amended to state a cause of action independent of the allegations of the express contract. *Id.*, 134 Cal. Rptr. at 822, 557 P.2d at 123.

6. In *Hager* and *Sugg*, we held that equitable principles applicable to judicial division of marital property do not apply to meretricious relationships. Appellant contends that, in light of changing attitudes with respect to meretricious relationships, particularly those views expressed in *Marvin*, the underlying rationale of *Hager* and *Sugg* has been swept away. As we have indicated, it is unnecessary for us to consider this contention and we expressly leave the question open.