Kenneth Michael **CARLSON**, Appellant,

v.

Diane Mary **CARLSON**, Appellee.

No. S–1014.

Supreme Court of Alaska.

July 18, 1986.

---

D. Randall Ensminger, Fairbanks, for appellant.

No appearance for appellee.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

### OPINION

MOORE, Justice.

This appeal challenges a property division and award of spousal support ordered in a divorce action. Kenneth Carlson contends the trial court erred by refusing to consider the source of certain real property in determining the property division. He also challenges the award of rehabilitative alimony, interim spousal support, and attorney's fees to Diane Carlson. We reverse the property division.

### I. FACTS AND PROCEEDINGS BELOW

Kenneth and Diane Carlson were married in Fairbanks, Alaska in July 1983. He was 33 and she was 28. They had lived together previously in Michigan for approximately three years. The parties separated in August 1984 and Diane filed for divorce in January 1985.[1]

After a one-day trial, the superior court granted a divorce, issued findings of fact and conclusions of law, and ordered an equal division of assets and liabilities. The assets included personal property plus three pieces of real property—a four-plex in Fairbanks, an unimproved lot in Michigan and a second Michigan parcel containing a small house and barn. The court also ordered Kenneth to pay $200 per month for two years as rehabilitative alimony and $1,500 in attorney's fees. Interim spousal support had been awarded to Diane prior to the divorce.

### II. DISCUSSION

#### A. *The property division*

The division of property in a divorce action involves a three-step process. The

---

1. Diane gave birth to a child four months after the parties separated, but neither party alleged Kenneth's paternity and child custody was not an issue in the case.

court 1) determines what property is available for distribution, 2) values the property and 3) determines the most equitable allocation. *Wanberg v. Wanberg*, 664 P.2d 568, 570 (Alaska 1983). Property available for distribution includes all property acquired during marriage, whether title is joint or separate. AS 25.24.160(4). This statute also authorizes invasion of pre-marital holdings "when the balancing of the equities between the parties requires it." *Id.*

■ Kenneth asserts error because the trial court refused to permit testimony, with minor exceptions, regarding the source of the parties' assets. The court based its ruling on two grounds. First, all property was listed on Kenneth's Domestic Relations Scheduling Conference Memorandum under the heading of "Marital Assets." The court deemed this an admission that the property was marital. Second, the court concluded that "the actions of the parties during the marriage demonstrated an intent to treat the property as joint holdings, both parties having joint use and control over the property." During trial, the court stated that the source of the assets was not relevant because they had been comingled and therefore were marital assets.

The court erred in two respects. First, the Conference Memorandum did not constitute an admission by Kenneth that all assets were marital property. The form provided by the court included a single column for listing property. Although the column was titled "Marital Assets," counsel stated that he viewed the Memorandum as a disclosure form on which to list all known property. This was a reasonable view since there was no other space for listing pre-marital or separate property.

■ Second, the court's reliance on the finding that the parties had comingled their assets was improper. It is true that parties may, by their actions during marriage, demonstrate intent to treat specific properties as joint holdings even though they were acquired by one spouse prior to marriage. *Wanberg*, 664 P.2d at 571. Where

such intent is established, usually through joint management and control of the property, a court will consider the property to be a marital asset. *Id.* However, the act of comingling, in itself, does not automatically establish intent to jointly hold property, and a court always should consider the property's source when determining what assets are available for distribution. This is especially true in a marriage of short duration, such as occurred here.

■ Turning to the three properties in dispute, we conclude the trial court erred in ruling that the improved Michigan property was a marital asset. Kenneth purchased the land in 1972 and later built a small house and barn on it. Diane testified that some refinishing work was completed while she lived in the house during the summer or fall of 1983. This would have been either while the couple was living together or just after their marriage. However, this factor alone does not establish intent to jointly hold the property. *Cf. Wanberg*, 664 P.2d at 571–73; *Rosson v. Rosson*, 635 P.2d 469, 470–71 (Alaska 1981). It clearly was separate property acquired by Kenneth prior to the marriage. As such, the property should not have been deemed a marital asset available for division unless the court specifically found that a "balancing of the equities between the parties" required invasion of the pre-marital holding. *See* AS 25.24.160(4).

■ Regarding the other two properties, we conclude the court properly ruled that they were marital assets. Although the unimproved Michigan lot was purchased shortly before the parties' marriage, Diane had power of attorney to sign the purchase papers and title was taken jointly. The Fairbanks four-plex was actually purchased during the parties' marriage. Although the down payment came from Kenneth's separate property, the evidence established that he and Diane lived in one of the apartments and that Diane assisted in the management and maintenance of the rental property. Under these circumstances, the court's finding that the parties had

demonstrated an intent to jointly hold these properties was not clearly erroneous.

Kenneth also argues that the court's equal division of property was erroneous because the court did not consider the factors listed in *Merrill v. Merrill*, 368 P.2d 546, 547 n. 4 (Alaska 1962). Although Judge Greene stated that she had considered the *Merrill* factors, as well as the presumption that a 50–50 split is equitable, the court made no mention of the specific factors upon which it relied. On remand, when the court recalculates the property division after considering the pre-marital source of the improved Michigan property, the court should discuss the relevant *Merrill* factors.[2]

### B. *Support obligations*

■ Kenneth also appeals the award to Diane of $200 per month for two years as rehabilitative alimony. We have expressed a preference for providing for the financial needs of spouses by an appropriate property division rather than alimony. *Gabaig v. Gabaig*, 717 P.2d 835 (Alaska 1986). However, an alimony award will be deemed just if there is not adequate property to provide for the party's needs and he or she is unable to provide self-support through appropriate employment. *Messina v. Messina*, 583 P.2d 804, 804–05 (Alaska 1978).

The testimony indicated that Diane, who worked only one month during the parties' marriage, was employed as a bookkeeper trainee earning approximately $400 per month gross salary at the time of the divorce. She testified that two years of training will be necessary to progress beyond the trainee level. In contrast, Kenneth is a longtime plumbers union member whose present earning capacity far exceeds Diane's. He earned approximately $4,700 per month while working in Alaska prior to the divorce. At the time of trial he had recently moved back to Michigan and was unemployed, but he testified that his employment prospects were good due to his union seniority.

In view of Diane's modest salary and because the property settlement awarded to her included only approximately $6,100 in cash and other liquid assets, we cannot say the award of rehabilitative alimony was an abuse of discretion. However, the court failed to state the reasons for the award. When the court, on remand, recalculates the property division it will be necessary to reconsider the alimony award, at which time the court should set out its reasons.[3]

### C. *Attorney's fees*

■ The trial court awarded Diane $1,500 in attorney's fees. Kenneth claims the award was improper, due to the court's equal distribution of the property. We disagree. Given the disparity in the parties' earning capacities and the fact that Kenneth had a prepaid union legal services plan, the court did not abuse its discretion in awarding fees. *See Bussell v. Bussell*, 623 P.2d 1221, 1224 (Alaska 1981); *Burrell v. Burrell*, 537 P.2d 1, 7 (Alaska 1975).

In conclusion, we find no error in the award of rehabilitative alimony, interim support and attorney's fees. However, the property division must be remanded because the court erred in characterizing the improved Michigan property as a marital asset.

2. We find no merit in Kenneth's other claims of error regarding the property division. The record contains evidence to support the court's valuation of the parties' bank accounts, credit card debts and a 1983 automobile. We also find no abuse of discretion in either the court's determination that a portion of Kenneth's pension accrual was a marital asset or in the court's finding that Kenneth was solely liable for a $6,000 loan he obtained after the parties separated.

3. Kenneth also claims error regarding the award of interim spousal support for a third month. Prior to trial, the court ordered Kenneth to pay $600 per month as interim support commencing February 1 and payable on the first day of each month "until further order of the Court." This direction was reiterated in a March 29 order. Judge Greene, when she announced her decision on April 2, ordered that $1,800 in accrued but unpaid temporary support be reduced to judgment. The court acted within its discretion in ruling that the third payment, which was due on April 1, had accrued.

The superior court's division of property is REVERSED and the case REMANDED for further proceedings.