**June NELSON, Appellant,**

v.

**Clairborne G. NELSON, Appellee.**

No. S-1244.

Supreme Court of Alaska.

May 15, 1987.

Harold Green and Kelly C. Fisher, Law Office of Harold Green, Anchorage, for appellant.

Ernest Z. Rehbock, Rehbock & Rehbock, Anchorage, for appellee.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

MATTHEWS, Justice.

In this divorce case the trial court valued the marital property subject to division at $196,343 and divided it equally. On appeal, two points are raised: (1) whether the court erred in failing to recognize the "human capital asset of the marriage," a bachelor's degree, and divide it by property

division or alimony; and (2) whether the court erred by fixing the date for division of property as of the date of separation, rather than the date of divorce. We find no error, and affirm.

Clairborne had attended two years of college before the parties were married in 1967. At the time of their marriage June was working as a quality control inspector in electronics and Clairborne was working as an assistant manager of a pizza parlor. In 1968 Clairborne returned to college and completed his education in business accounting, obtaining a bachelor's degree in 1970. During most of this time June worked full-time and Clairborne worked part-time and received tuition aid because of his prior military service.

Since graduation Clairborne has worked for ARCO. June has cared for the parties' three children and worked from time to time outside the home as well. She obtained a commercial pilot's license in 1981 and has been intermittently employed as an airline pilot with a local airline. However, at the time of trial she was unemployed. The parties separated in November of 1983 and were divorced in August of 1985. The alleged human capital asset is Clairborne's bachelor's degree in business accounting.

There are cases where courts have recognized that one spouse has a compensable property interest in the enhanced earning potential arising out of the other spouse's degree. *E.g. In re Marriage of Horstmann,* 263 N.W.2d 885, 891 (Iowa 1978); *Woodworth v. Woodworth,* 126 Mich.App. 258, 337 N.W.2d 332, 334 (1983). Those cases arise out of circumstances which are not present in the case at hand.

> Typically, one spouse attains a degree while the other provides support; then a divorce occurs soon after graduation. Usually there are few assets immediately available, but one spouse leaves the marriage with an education and increased earning potential, while the other spouse is given nothing for her efforts.

C. Bruch, *The Definition of Marital Property in California: Toward Parity and Simplicity,* 62–63 (1981).[1] *See also Lesman v. Lesman,* 88 A.D.2d 153, 452 N.Y. S.2d 935, 939 (1982) ("It is the hard case, typified by the sacrificing wife who is deserted by her ungrateful husband shortly after he achieves his educational goal."). Such a case usually involves a graduate degree or a professional license. Further, the passage of time reduces and eventually eliminates the need to award the supporting spouse a share of the degree or the enhanced earning potential, because in such cases

> the wife's expectation is realized, in part at least, and by participating in her husband's income, she receives a return which may exceed the amount of her contributions to his education. It is also probable that at the time of the divorce, as the result of the husband's enhanced earnings, the parties will have accumulated marital property in which the divorced wife will share and thereby receive a return of her investment.

*Lesman,* 452 N.Y.S.2d at 939.

██ Most courts hold that a professional degree is not property subject to division. *E.g., In re Marriage of Graham,* 194 Colo. 429, 574 P.2d 75 (1978); *Lesman v. Lesman,* 452 A.D.2d 153, 452 N.Y.S.2d 935 (1982); *Washburn v. Washburn,* 677 P.2d 152 (Wash.1984). We agree with these authorities. As the Colorado court explained in *In re Marriage of Graham,* 574 P.2d at 77:

> [a]n educational degree, such as an M.B.A., is simply not encompassed even by the broad views of the concept of "property." It does not have an exchange value or any objective transferable value on an open market. It is personal to the holder. It terminates on death of the holder and is not inheritable. It cannot be assigned, sold, transferred, conveyed, or pledged. An advanced degree is a cumulative product of many years of previous education, combined

**1.** *Quoted in In re Marriage of Sullivan,* 134 Cal. App.3d 634, 184 Cal.Rptr. 796, 812 (1982) (Ziebarth, J., concurring in part and dissenting in part), *result vacated by statute,* 37 Cal.3d 762, 209 Cal.Rptr. 354, 691 P.2d 1020 (1984).

with diligence and hard work. It may not be acquired by the mere expenditure of money. It is simply an intellectual achievement that may potentially assist in the future acquisition of property. In our view, it has none of the attributes of property in the usual sense of that term.

■ This does not mean that the spouse who has worked and made other sacrifices while the other spouse has obtained a potentially lucrative professional degree is without a remedy. The earning ability of the parties and their conduct during the marriage are relevant to a property division. *Merrill v. Merrill*, 368 P.2d 546, 548 (Alaska 1962). The fact that the work of one spouse has contributed to the earning potential of the other may justify a favorable award of property to the supporting spouse:

> When a person supports a spouse through professional school in the mutual expectation of future financial benefit to the community, but the marriage ends before that benefit can be realized, that circumstance is a "relevant factor" which must be considered in making a fair and equitable division of property....

*Washburn*, 677 P.2d at 158.

■ Although we have previously adopted the view that divorcing spouses' financial needs should generally be secured by an appropriate property division rather than by alimony, when there is no substantial property to divide the supporting spouse may be entitled to alimony if it is both "just and necessary." AS 25.24.-160(3); *Bussell v. Bussell*, 623 P.2d 1221, 1224 (Alaska 1981) (rehabilitative alimony allowed for the education of the supporting spouse); *Messina v. Messina*, 583 P.2d 804 (Alaska 1978). Where there is no substantial property and alimony is not reasonably necessary to maintain the supporting spouse, a harder question is presented. This is not the occasion to attempt to determine whether the supporting spouse in such circumstances has another available remedy, for those circumstances are not present here.

■ We hold that the trial court did not abuse its discretion in dividing the marital assets of the parties equally. The two years at the outset of this seventeen year marriage during which June worked and Clairborne went to school do not compel an unequal property division. Both June and Clairborne have benefited from the increased earning capacity gained by Clairborne during those two years. Further, Clairborne's degree was not a specialized post-graduate degree. Moreover, Clairborne also supported his educational efforts by working part-time and through the receipt of benefits because of his past military service.

■ As to valuing the property on the date of separation rather than the date of divorce, there likewise was no error. The court found that the parties had not co-mingled their financial affairs since their separation. The separation was thus a convenient and appropriate time at which to value the marital property for division. *See Schanck v. Schanck*, 717 P.2d 1, 3 and n. 7 (Alaska 1986); *Hunt v. Hunt*, 698 P.2d 1168, 1172 (Alaska 1985).

Judgment AFFIRMED.