**William Anthony RHODES, Appellant,**

**v.**

**Karen Christine RHODES, Appellee.**

**No. S–1990.**

Supreme Court of Alaska.

June 3, 1988.

Rehearing Denied June 23, 1988.

William T. Ford and Holly B. Leinweber, Anchorage, for appellant.

Allen M. Bailey, Ross, Gingras, Bailey & Miner, Anchorage, for appellee.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

MATTHEWS, Justice.

In this divorce case, the court found that the marital assets had a value of $287,000 and that the marital liabilities were $220,500, including an $88,000 student loan so that the husband could attend medical school. The court awarded $259,000 in assets to the wife (Karen), subject to liabilities of $130,200, a net award of $128,000, $28,000 in assets, subject to liabilities of $90,300 (including the student loan) to the husband (Tony), for a net award of -$62,300. In addition, the court ordered Tony to pay Karen $60,000 in $10,000 annual installments over the next six years.

The primary point on appeal is that the $60,000 award is clearly unjust and an abuse of discretion. *See Hinchey v. Hinchey*, 625 P.2d 297 (Alaska 1981) (standard of review which is employed in appeals of this nature).

The parties were married for twenty years and have four children, two of whom are now adults. During much of the marriage both parties were employed as police officers. In 1981 they both quit well-paying police jobs in Alaska so that Tony could attend medical school in California. Between then and when he graduated in June of 1985, Tony had no earnings. Karen worked for about five months in 1982, moved back to Anchorage in September of 1984, and was rehired by the Anchorage Police Department. In the interim, she went to school and obtained a two-year degree in business management. During this time the parties lived on student loans, money from Tony's parents, and retirement funds which both parties had withdrawn.

The action for divorce was filed on December 26, 1985. The court found that Tony will, as a practicing physician, have an initial income in the range of $50,000 with the capacity to earn $90,000 to $100,000. The court made no explicit findings concerning the earning capacity of Karen but her 1985 income as a police officer was approximately $52,000.

The trial court's rationale was that Karen had sacrificed her own career and salary so that Tony could go to medical school, that she had encouraged his schooling, and that she had "tolerated his lost salary in expectation of a shared future companionship with [Tony] in a medical professional role and earning capacity." In addition, the court computed that the parties had lost some $250,000 in net earnings during the period of medical education of Tony. The court stated:

> The equitable interest of defendant in the mid-life degree of plaintiff measured solely by share of lost income would be $125,000. The asset and liability assignment favors the defendant by $95,550. Equity requires an additional payment to defendant of $60,000 in equal annual installments over the next six years. Because these payments are both in restitution for sacrifices previously made and to fulfill some of the parties' expectancies, the $60,000 should not accrue interest during the next six years.

The decree was rendered prior to our decision in *Nelson v. Nelson*, 736 P.2d 1145 (Alaska 1987), where we indicated that a professional degree should not be considered property subject to division. We noted, however, that:

> [t]his does not mean that the spouse who has worked and made other sacrifices while the other spouse has attained a potentially lucrative professional degree is without a remedy. The earning ability of the parties and their conduct during the marriage are relevant to a property division. *Merrill v. Merrill*, 368 P.2d 546, 548 (Alaska 1962). The fact that the work of one spouse has contributed to

the earning potential of the other may justify a favorable award of property to the supporting spouse:

> When a person supports a spouse through professional school in the mutual expectation of future financial benefit to the community, but the marriage ends before that benefit can be realized, that circumstance is a "relevant factor" which must be considered in making a fair and equitable division of property....

*Id.* at 1147 (quoting *Washburn v. Washburn,* 101 Wash.2d 168, 677 P.2d 152, 158 (1984)).

Although this is not a case where the wife was the primary supporter of the husband while he obtained his advanced degree, the unequal division of property can be justified by her career sacrifices, the fact that the major asset of the parties was the family home in Alaska where Karen was expected to live with the two minor children, the long term superior earning capacity of Tony, and the fact that $88,000 in liabilities which Tony is to assume are for his student loans.

■ However, the additional $60,000 which Tony must pay to Karen cannot, in view of *Nelson v. Nelson,* be considered a property division since it does not divide property which the parties possess. The question is whether it can be justified as alimony. We have indicated that "when there is no substantial property to divide the supporting spouse may be entitled to alimony if it is both 'just and necessary.'" AS 25.24.160(3); *Nelson,* 736 P.2d at 1147; *Messina v. Messina,* 583 P.2d 804 (Alaska 1978). We noted in *Nelson* that were there a situation where a spouse had worked while the other spouse obtained a lucrative advanced degree and the parties lacked substantial property, thus making a favorable award of property to the supporting spouse impossible, a difficult question was presented as to whether alimony could be justified where the supporting spouse had the capability of earning adequate income. That question will still remain unanswered after this case. The marital assets here were substantial enough to make a compensatory favorable award to the supporting spouse. An award of alimony in addition to the favorable award of property is clearly neither just nor necessary.

■ A second point on appeal concerns the valuation of the so-called Rabbit Creek property, which was awarded to Tony. The court valued this property at $20,000 and seemingly ignored $10,000 in debt secured by it. The only evidence of the value of the Rabbit Creek lot is Karen's opinion that it is worth $16,000, which is backed up by the tax appraisal and not disputed by Tony. On remand, the court should correct its findings of fact and may make such adjustments in the property division as it finds these corrections require.

■ Another point on appeal relates to child support. The trial court required Tony to pay $400 per month for each of the parties' minor children. This award was obviously based on Tony's soon to be realized earning potential, initially thought to be $50,000 per year, rather than the minimal sum that he was making at the time of trial. We find no abuse of discretion. Tony also argues that one of the minor children is actually living with him, and thus an offset is required, even though the decree contemplates that both the minors will live primarily with Karen. If this is true it may be that a motion to modify the child support award is appropriate.

■ The final point on appeal concerns the trial court's award of attorney's fees and costs to Karen. She incurred some $4,731.58 in attorney's fees and costs, of which Tony was required to pay $3,015.68. The prevailing party rule used for determining attorney's fees awards under Civil Rule 82 does not apply to fee awards in divorces. *Burrell v. Burrell,* 537 P.2d 1 (Alaska 1975). What is relevant is the relative economic situation and earning power of each party. *Id.* at 7. In *Jones v. Jones,* 666 P.2d 1031, 1035 (Alaska 1983), we held that it was error to require the husband to pay $5,000 of the wife's attorney's fees where their earnings were comparable and the trial court intended to divide the parties' major asset equally. We noted that

the wife in *Jones* might be in a better economic situation than the husband because he had been recently out of work due to a strike. In the present case, both parties have adequate incomes and Karen is far more favorably situated than Tony is in terms of the assets which she has received. Under these circumstances it is our view that the court abused its discretion in awarding attorney's fees to Karen.

REVERSED and REMANDED for further action consistent with this opinion.