**Debbie MANN, Appellant,**

v.

**Gregory MANN, Appellee.**

No. S–2248.

Supreme Court of Alaska.

Sept. 1, 1989.

Kathleen C. Barron, Wasilla, for appellant.

David L. Zwink, Schanen Law Firm, Wasilla, for appellee.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

MOORE, Justice.

This appeal presents the question of whether State Supplemental Employee Benefits are marital property subject to division at the time of divorce.

Debbie and Gregory Mann were married on November 22, 1977 in Omaha, Nebraska and later moved to Alaska. Gregory was employed by the State of Alaska as a correctional officer. At the time of trial, he had accumulated $6,515.34 in the State of Alaska Public Employees Retirement System (hereafter "PERS") and $15,709.02 in State of Alaska Supplemental Employee Benefits (hereafter "SBS benefits").

Gregory filed for divorce on September 26, 1986, and the case went to trial on April 28, 1987. Gregory argued at trial that Debbie should receive one-half of his PERS benefits, but not his SBS benefits. Debbie argued that both PERS and SBS benefits were marital property subject to division.

At the conclusion of the trial, Judge Michalski divided the PERS benefits between the parties but declined to divide the SBS benefits. Judge Michalski concluded that Gregory's SBS benefits replaced his federal social security benefits and that SBS and social security benefits should be treated similarly. Since Gregory's social security benefits could not be divided by the court, Judge Michalski reasoned that his SBS benefits could not be divided either. Debbie appeals.

## A. Divisibility of Supplemental Employee Benefits

The court's conclusion that SBS and social security benefits should be treated similarly overlooks the important legal justification for a state court's inability to divide federal social security benefits. The doctrine of federal preemption prevents state courts from dividing social security benefits.

Under the doctrine of federal preemption, when a state law and federal law conflict, state law must yield. *See Webster v. Bechtel*, 621 P.2d 890, 897 (Alaska 1980). In *Hillerman v. Hillerman*, 109 Cal. App.3d 334, 167 Cal.Rptr. 240 (1980), the California Court of Appeal concluded that there was a substantial conflict between California community property laws and the social security family benefit plan.[1] The court reasoned that under the doctrine of federal preemption, it could not order the invasion of an employee spouse's social security benefits on divorce. 167 Cal.Rptr. at 244–52. *Accord Swan v. Swan*, 301 Or. 167, 720 P.2d 747, 751–52 (1986); *see also Hisquierdo v. Hisquierdo*, 439 U.S. 572, 590, 99 S.Ct. 802, 812, 59 L.Ed.2d 1, 16 (1979) (federal Railroad Retirement benefits not subject to state community property laws).

Unlike social security benefits, the division of state SBS benefits does not involve an infringement on federal law. The SBS system is created and governed by

---

1. Social security specifically provides for ex-spouses under limited conditions. 42 U.S.C.A. § 402(b)(1) (West Supp.1988).

state law and regulations. AS 39.30.150–39.30.180. SBS is a substitute for social security. AS 39.30.150(a), 39.30.170. Unlike social security, an employee has an absolute contractual right to receive SBS benefits. AS 39.30.150; *cf. In re Marriage of Nizenkoff*, 65 Cal.App.3d 136, 135 Cal. Rptr. 189 (1976) (social security is a scheme of social insurance which significantly differs from ordinary deferred compensation plans).

This court has "repeatedly held that to the extent retirement benefits have been earned during marriage, they constitute marital assets and are subject to equitable division." *Rice v. Rice*, 757 P.2d 60, 61 (Alaska 1988). This court has found that the list of divisible marital assets includes non-vested pensions, *Laing v. Laing*, 741 P.2d 649, 655–58 (Alaska 1987), federal military retirement benefits, *Chase v. Chase*, 662 P.2d 944, 946 (Alaska 1983), federal civil service retirement benefits, *Monsma v. Monsma*, 618 P.2d 559, 561 (Alaska 1980), and accrued personal leave for State employment, *Schober v. Schober*, 692 P.2d 267, 268 (Alaska 1984).

■ We conclude that because SBS benefits are earned during marriage, they are similarly subject to equitable division upon divorce.[2] If Gregory's SBS benefits are subject to current redemption, and the court adopts that approach rather than offsetting the present value of his future benefits against other assets, the court should take taxes and any penalties for early withdrawal into account in its equitable division.

We therefore hold that SBS benefits are marital property subject to equitable division at divorce.

## B. Attorney's Fees

■ The prevailing party rule used for determining attorney's fee awards under Rule 82 does not apply to fee awards in divorce cases. *Burrell v. Burrell*, 537 P.2d 1 (Alaska 1975). The "parties' relative economic situations and earning powers" are relevant considerations in awarding attorney's fees. *Id.* at 7. Normally, where both parties have adequate income and are in comparable economic situations, each side should bear its own costs in the divorce action. *See Rhodes v. Rhodes*, 754 P.2d 1333, 1335–36 (Alaska 1988); *Jones v. Jones*, 666 P.2d 1031, 1035 (Alaska 1983).

■ Debbie argues that the court erred in failing to consider her lesser earning capacity and smaller award of marital property.[3] The trial court's determination as to attorney's fees will not be set aside absent an abuse of discretion. *Rhodes*, 754 P.2d at 1336; *Bussell v. Bussell*, 623 P.2d 1221, 1225 (Alaska 1981).

■ Debbie cites *Carlson v. Carlson*, 722 P.2d 222, 225 (Alaska 1986), for the proposition that fee awards to one party have been justified by a disparity in the parties' earning capacity and the fact that one party had prepaid legal fees. In *Carlson*, the judge awarded $1,500 in fees to the wife and the award was upheld on appeal because of these factors. *Id.* at 225. Here, Debbie is seeking to rely on these factors to show that the decision to deny fees was an abuse of discretion. The decision lies in the trial court's broad discretion, and we cannot conclude that the presence of these factors requires an award of attorney's fees.

In conclusion, we reverse the trial court's ruling that SBS benefits are not marital property and remand the case for an appropriate division of the asset.

REVERSED and REMANDED for proceedings not inconsistent with this opinion.

RABINOWITZ, Justice, dissenting in part.

I agree with the court's holding that state supplemental employee benefits are

---

2. Since neither party is near retirement age, we need not consider the effect of one party's entitlement to nondivisible social security benefits and the other party's exclusive entitlement to SBS benefits in lieu of social security in the formulation of an equitable division.

3. While Debbie did receive a smaller portion of the marital assets, the court awarded spousal support of $100 a month for 24 months, child support of $625 per month and held Gregory responsible for all of the parties' debts.

marital property subject to equitable division at the time of divorce. On the other hand, I am of the view that the superior court abused its discretion in failing to award Debbie Mann any attorney's fees.

Here we are dealing with a marriage of ten years' duration. Debbie Mann worked at various unskilled jobs until 1983, when Gregory Mann agreed that Debbie should work at home as a full-time homemaker and mother. At the time of trial the record discloses that Gregory's monthly net pay as a correctional officer for the State of Alaska was between $2,200 and $2,400.[1] The record further discloses that at least a portion of Gregory's legal expenses ($1,500 according to Debbie) was covered by prepaid legal benefits he received from the State of Alaska.

*Burrell v. Burrell*, 537 P.2d 1, 7 (Alaska 1975), instructs that the parties' relative economic situations and earning powers are relevant considerations in awarding attorney's fees in a divorce action. In my opinion the record demonstrates that it is inequitable to require Debbie to bear her own costs given her lesser earning capacity and the stark disparity in the parties' respective economic situations.[2]

---

1. Gregory earned $38,560 in 1986.

2. *See also Rhodes v. Rhodes,* 754 P.2d 1333, 1335–36 (Alaska 1988).