**Benjamin Lee MURRAY, Appellant,**

v.

**Diane Lynn MURRAY, Appellee.**

**No. S–2964.**

Supreme Court of Alaska.

March 2, 1990.

William T. Ford, Anchorage, for appellant.

Patrick M. Rodey, Aglietti, Rodey & Offret, Anchorage, for appellee.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

OPINION

RABINOWITZ, Justice.

Ben Murray appeals from the superior court's property division.

I. FACTS.

Ben and Diane Murray met in 1977 on the North Slope. Diane owned a home in Fairbanks but moved into Ben's trailer in early 1978, while Ben continued to spend much of his time on the North Slope. The couple opened a joint checking account, and Ben authorized Diane to make withdrawals from his savings account. In Ben's words, he "kind of regarded Diane as the bookkeeper."

In July 1979 Ben entered a partnership to purchase land near Homer. Ben alone signed the relevant documents, but Diane was involved in the title search and parcel selection. The parties dispute whether Diane made subsequent payments on the property with her own funds, or solely with funds she drew from Ben's account. The parties further dispute the extent of Diane's contribution to the "main" cabin construction.

In 1978 or 1979, Diane helped Ben move his trailer. In February 1982, she arranged its sale. Ben used this money to buy a bulldozer and twenty-six foot boat. At about this time, Diane sold her Fairbanks home. The parties married soon after in July 1983. Diane testified that she invested the $49,000 she received from her home into finishing the cabin in Homer. Ben suggests her monetary contribution was closer to $10,000. In February 1987 Ben sold his small boat to purchase a larger charter boat to fish halibut. The Murrays separated a short time later.

II. DISCUSSION.

"The division of property in a divorce action involves a three-step process. The

court 1) determines what property is available for distribution, 2) values the property and 3) determines the most equitable allocation." *Carlson v. Carlson*, 722 P.2d 222, 223–24 (Alaska 1986) (citing *Wanberg v. Wanberg*, 664 P.2d 568, 570 (Alaska 1983)). Property "acquired only during coverture"[1] is divided "in the manner as may be just." AS 25.24.160(a)(4). The court may invade separate premarital property only if it finds that "the balancing of the equities between the parties requires it."[2] *Id.; see Brooks v. Brooks*, 733 P.2d 1044, 1053 (Alaska 1987).

■ Ben's primary contentions in this appeal are that the superior court failed properly to distinguish marital from separate property, and invaded Ben's separate premarital property without explicit findings that invasion of specific assets was required to balance the equities. Upon review of the record, we conclude that the superior court's failure to distinguish separate from marital property, or to enter any finding as to the necessity of its invasion, is reversible error. The superior court further erred in its apparent conclusion that commingling alone established the parties' intent to hold property jointly.[3] *Carlson*,

722 P.2d at 224; *Julsen v. Julsen*, 741 P.2d 642, 646 (Alaska 1987).

■ We thus remand the matter to the superior court to distinguish separate from marital assets; to assess whether the equities require invasion of separate assets under AS 25.24.160(a)(4); and if so, then to enter explicit findings to that effect. We note that property acquired by the Murrays as a couple may be marital property even if the acquisition predates the marriage,[4] and that nothing prevents a trial court from reaching either party's separate premarital assets where the equities so require.[5] To the contrary, so long as the parties do marry,[6] the trial court is free to consider the parties' entire relationship, including any period(s) of premarital cohabitation, in making its property division under AS 25.-24.160(a)(4), so long as the court observes the distinction which AS 25.24.160(a)(4) draws between assets acquired prior to and during coverture.

REVERSED and REMANDED for further proceedings consistent with this opinion.

---

1. "Coverture" as used in AS 25.24.160(a)(4) does not include any period of cohabitation preceding marriage. *See Hager v. Hager*, 553 P.2d 919, 923 (Alaska 1976) ("relation-back" doctrine rejected).

2. Alaska Statute 25.24.160(a)(4) provides in relevant part:
    (a) In a judgment in an action for divorce or action declaring a marriage void or at any time after judgment, the court may provide
    . . . .
    (4) for the division between the parties of their property, whether joint or separate, acquired only during coverture, in the manner as may be just, and without regard to which of the parties is in fault; however, the court, in making the division, may invade the property of either spouse acquired before marriage when the balancing of the equities between the parties requires it[.]

3. The superior court held that prior to December 25, 1977, "the parties commingled their financial affairs to such an extent that the court is

unable to find that [Ben] maintained separate financial arrangements."

4. *See, e.g., Carlson*, 722 P.2d at 224.

5. *See, e.g., Hager*, 553 P.2d at 924 (invasion of homestead acquired prior to putative marriage affirmed). *Hager* reversed a superior court's definition of the duration of marriage—one, but only one, factor bearing on distribution under *Vanover v. Vanover*, 496 P.2d 644, 648 (Alaska 1972). *Hager* in no way derogates the operation of *Vanover's* other factors, including "any other factors bearing on . . . the equities." 496 P.2d at 648. *See also Merrill v. Merrill*, 368 P.2d 546, 547 n. 4 (Alaska 1962).

6. Appellee correctly notes that *Sugg v. Morris*, 392 P.2d 313 (Alaska 1964), cited by appellant, does not apply to marital property divisions. *Hager* mistakenly relied upon *Sugg* in this regard. *Hager*, 553 P.2d at 923–24.
    We expressly reserve the question of *Sugg's* validity in contexts where parties make no good faith attempt to wed. *See Hill v. Ames*, 606 P.2d 388, 390 n. 6 (Alaska 1980).