*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| SHANDA HORNING, | ) |
| | ) Supreme Court No. S-16110 |
| Appellant, | ) |
| | ) Superior Court No. 3AN-15-05396 CI |
| v. | ) |
| | ) O P I N I O N |
| DONOVAN HORNING, | ) |
| | ) No. 7152 – February 17, 2017 |
| Appellee. | ) |
| | ) |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Erin B. Marston, Judge.

Appearances: Eva Khadjinova, Pro Bono Program — Alaska Legal Services Corp., Anchorage, for Appellant. Vikram N. Chaobal, Law Office of Vikram N. Chaobal, Anchorage, for Appellee.

Before: Stowers, Chief Justice, Winfree, Maassen, Bolger, and Carney, Justices.

BOLGER, Justice.

## I. INTRODUCTION

Shanda Horning is eligible for healthcare from the Indian Health Service (IHS) because she is an Alaska Native. Donovan Horning has unvested post-retirement healthcare benefits through the military's TRICARE program. When the superior court divided the marital estate after the couple's divorce trial, it did not classify, value, or

distribute either party's healthcare, finding instead that each had "an equal benefit that [was] in essence a wash for the purpose of dividing the marital estate."

Shanda now appeals. She argues that her eligibility for IHS healthcare is separate property, that Donovan's TRICARE benefit is marital property, and that it was therefore error for the superior court to use her separate property to offset Donovan's marital property. We agree. We therefore vacate the superior court's property distribution order and remand for further proceedings.

## II. FACTS AND PROCEEDINGS

Donovan and Shanda Horning were married in October 2000 and separated in March 2013. Donovan enlisted in the United States Air Force in January 2001, soon after the couple married. Donovan's monthly gross income is around $7,400; Shanda's monthly gross income is around $2,600.

As an active member of the military, Donovan has health insurance through TRICARE. If Donovan retires from the military with more than 20 years of service, he will continue to have health insurance through the TRICARE program for the rest of his life.[1] Shanda is an Alaska Native and is therefore eligible to receive healthcare provided by IHS.

Donovan filed for divorce in March 2015. Before the divorce trial began, Shanda requested costs to pay for an expert valuation of Donovan's military pension and his post-retirement TRICARE benefit. Shanda argued that both of those assets were marital property and that they needed to be valued in order to divide the marital estate. The superior court denied Shanda's request, concluding that an expert was not necessary and there was "enough information to go forward" with the distribution analysis.

---

[1] *See Burts v. Burts*, 266 P.3d 337, 339-40 (Alaska 2011).

The superior court's final property distribution order divided the marital estate "[w]ith the goal of an equitable distribution of 50/50." The order required Shanda and Donovan to equally split the marital portion of Donovan's military pension. But the superior court did not divide the marital portion of Donovan's post-retirement TRICARE benefit.

Instead the superior court found that Donovan's post-retirement TRICARE benefit and Shanda's eligibility for IHS healthcare provided "an equal benefit that is in essence a wash for the purpose of dividing the marital estate." The superior court therefore concluded that it was "not necessary to value either coverage with more specificity and would needlessly dissipate limited marital assets without the probability of achieving meaningful values."

Shanda now appeals. She argues that the superior court implicitly treated her separate property — her eligibility for IHS-provided healthcare — as marital property by using it to offset Donovan's TRICARE benefit, and that this error requires us to vacate the superior court's property division order. She also argues that the superior court abused its discretion when it denied her request for costs to pay for an expert valuation of Donovan's military retirement benefits.

## III. DISCUSSION

"The equitable division of marital assets involves three steps: (1) determining what property is available for distribution, (2) finding the value of the property, and (3) dividing the property equitably."[2] The first step requires the court to characterize property as either separate or marital.[3] "Marital property includes all

---

[2]     *Limeres v. Limeres*, 320 P.3d 291, 296 (Alaska 2014) (citing *Beals v. Beals*, 303 P.3d 453, 458 (Alaska 2013)).

[3]     *Hansen v. Hansen*, 119 P.3d 1005, 1009 (Alaska 2005).

property acquired during the marriage 'excepting only inherited property and property acquired with separate property which is kept as separate property.' "[4]

In making its equitable division, "the trial court must render findings of ultimate fact that support any decreed property division."[5] Those "findings must be explicit and sufficiently detailed to give this court a clear understanding of the basis of the trial court's decision."[6]

The superior court did not provide those detailed findings in this case. While the superior court used Shanda's eligibility for IHS healthcare to offset the value of Donovan's post-retirement TRICARE benefit, the court did not explain whether it was classifying the parties' healthcare as marital property or separate property. This is reversible error and typically requires a remand to the trial court for additional findings.[7] But additional findings are unnecessary here because we can classify both parties' health benefits as a matter of law based solely on the existing record.[8]

---

[4] *Id.* (quoting *Lewis v. Lewis*, 785 P.2d 550, 558 (Alaska 1990)); *see also* AS 25.24.160(a)(4) (stating that "[i]n a judgment in an action for divorce . . . the court may provide . . . for the division between the parties of their property . . . acquired only during marriage").

[5] *Doyle v. Doyle*, 815 P.2d 366, 368 (Alaska 1991).

[6] *Id.*

[7] *See, e.g.*, *Cox v. Cox*, 882 P.2d 909, 915 (Alaska 1994); *Murray v. Murray*, 788 P.2d 41, 42 (Alaska 1990).

[8] *See Beals v. Beals*, 303 P.3d 453, 459 (Alaska 2013) (explaining that we review the "[u]nderlying factual findings as to the parties' intent, actions, and contributions to the marital estate" for clear error, but "whether the trial court applied the correct legal rule . . . is a question of law that we review de novo" (citing *Hanson v. Hanson*, 125 P.3d 299, 304 (Alaska 2005))).

First, we have previously held that "[h]ealth insurance benefits earned during the marriage are a marital asset of the insured spouse,"[9] and in *Burts v. Burts* we held that this rule applied to a post-retirement TRICARE benefit to the extent that the benefit was earned during the marriage.[10] We reaffirm *Burts* and hold that Donovan's post-retirement TRICARE benefit is marital property to the extent that it was earned during the marriage.

Second, while we have not previously decided whether eligibility to receive IHS-provided health services is marital property, this question is easily resolved under our existing case law. Property acquired by one spouse before marriage is generally considered separate property, not marital property.[11] Here, Shanda is eligible to receive IHS-provided health services because she is an Alaska Native.[12] Shanda has been an Alaska Native for her entire life. Shanda's eligibility to receive IHS healthcare was therefore acquired before marriage and is separate property.[13]

The superior court's order effectively invaded Shanda's separate property (i.e., her eligibility for IHS healthcare) by using that property to offset the value of the couple's marital property (i.e., Donovan's post-retirement TRICARE benefit). We only permit such an invasion "when the balancing of the equities between the parties requires

---

[9]     *Hansen v. Hansen*, 119 P.3d 1005, 1015 (Alaska 2005).

[10]     266 P.3d 337, 341-46 (Alaska 2011).

[11]     *Schmitz v. Schmitz*, 88 P.3d 1116, 1124 (Alaska 2004).

[12]     *See generally* 25 U.S.C. §§ 1601, 1602, 1603(13)(B) (2012).

[13]     Having reached this conclusion, we need not reach Shanda's related arguments that the court lacked jurisdiction to classify her eligibility for IHS healthcare as marital property and that the trial court's classification of her eligibility to receive IHS healthcare as marital property violated equal protection.

it."[14] But the opposite balance occurs in this case — the superior court found that Shanda, not Donovan, would bear the greater economic impact of the divorce.

We therefore vacate the superior court's order and remand this case with instructions to classify Donovan's post-retirement TRICARE benefit as marital property, to classify Shanda's eligibility for IHS healthcare as separate property, and to equitably divide the marital property based on these findings.

Shanda also argues that the superior court abused its discretion when it denied her request for costs to pay for an expert valuation of Donovan's pension and post-retirement TRICARE benefit. The proposed valuation was "not to order any [present] payment"[15] but rather "to determine how the retirement should be split so that . . . when [Donovan] vests in retirement, that percentage would go . . . into effect . . . for the future."

The superior court has broad discretion to award costs and fees in a divorce action.[16] This is meant to ensure that "both spouses have the proper means to litigate the divorce action on a fairly equal plane."[17] In exercising that discretion, the court "must focus on the parties' relative economic situations and earning capacities."[18] The superior court also "has broad discretion to provide for the equitable division of property between

---

[14]    AS 25.24.160(a)(4).

[15]    We have previously rejected awarding present day, lump sum payments for unvested retirement benefits. *Laing v. Laing*, 741 P.2d 649, 657-58 (Alaska 1987); *see also Ethelbah v. Walker*, 225 P.3d 1082, 1088 (Alaska 2009) (summarizing approaches for unvested and vested retirement benefits).

[16]    *See Stevens v. Stevens*, 265 P.3d 279, 290 (Alaska 2011); *see also* AS 25.24.140(a) (permitting award of attorney fees and costs during the pendency of a divorce action).

[17]    *Stevens*, 265 P.3d at 290 (quoting *Fernau v. Rowdon*, 42 P.3d 1047, 1059-60 (Alaska 2002)).

[18]    *Id*. (citing *Fernau*, 42 P.3d at 1059).

the parties in a divorce," including adopting a distribution method that is most appropriate given the specific circumstances of the case.[19]  We will reverse the superior court's decisions on these matters only if they amount to an abuse of discretion.[20]

But whether the superior court has applied the correct legal rule in exercising its discretion is a legal question that we review de novo.[21]  In this case the superior court denied Shanda's request for costs because it believed that it could use Shanda's eligibility for IHS healthcare to offset the value of Donovan's TRICARE benefit, and that it therefore did not need to value either parties' benefits with specificity.  As we explained above, this belief was incorrect as a matter of law because Shanda's eligibility was separate property and Donovan's benefit was marital property.  We therefore vacate the superior court's denial of Shanda's motion for expert costs and instruct the superior court to reconsider Shanda's request on remand.

## IV.  CONCLUSION

For the reasons stated above, we VACATE the superior court's property distribution order and REMAND for further proceedings consistent with this opinion.

---

[19]     *Ethelbah*, 225 P.3d at 1086-87.

[20]     *Limeres v. Limeres*, 320 P.3d 291, 296 (Alaska 2014); *Ethelbah*, 225 P.3d at 1086.

[21]     *Beals v. Beals*, 303 P.3d 453, 459 (Alaska 2013); *see also Haines v. Cox*, 182 P.3d 1140, 1143 (Alaska 2008) ("[W]e review for legal error [whether] the trial court simply failed to exercise its discretion.").